EMMA TYLER, Defendant in Error, v. BENJAMIN TYLER, Plaintiff in Error.

**Kansas City Court of Appeals, January 16, 1899.**

1. **Partnership:** AUTHORITY OF PARTNER: OBJECTION TO BORROWING MONEY: DEFENSE: GENERAL DENIAL. A partner has the right to borrow money on account of his firm and if he does so and the money is used by the firm the other partner can not defend on the ground that he objected to borrowing the money, and an instruction in the opinion is approved. Under a general denial no defense in the way of estoppel is available.

2. ———:HUSBAND AND WIFE: ASSUMPTION OF DEBT BY ONE PARTNER: NO DEFENSE: INSTRUCTION. The proceeds of a judgment recovered by the wife for personal injuries sustained by her is her sole and separate property, and if she lends it to a partnership of which her husband is a member she is entitled to recover it from any member of the firm, and an assumption of such debt by her husband can not defeat her recovery unless she assented thereto; and an instruction is not objectionable because it assumes an undisputed fact.

3. **Evidence:** ACCESS OF WIFE TO HUSBAND'S MONEY: HARMLESS ERROR. While in this case the fact that plaintiff had access to her husband's moneys and might have paid herself, was proper to go to the jury, yet in view of other evidence in the case its rejection was harmless error.

*Error to the Jackson Circuit Court.*—HON. E. P. GATES, Judge.

AFFIRMED.

HARKLESS, O'GRADY & CRYSLER for plaintiff in error.

(1) This was an astonishing proposition. This was not an action between the husband and wife at all, but between a married woman and a third party, and it is not true

Tyler v. Tyler.

and never was true, that the assent had to be in writing between the plaintiff and her husband as against the defendant in this case. If she gave this money to her husband without her assent in writing, it was absolutely binding on her as against this defendant. Leete v. Bank, 115 Mo. 184. If the money was loaned to the husband, whether in writing or not, she could have no right of action against the defendant, Benjamin Tyler, and this instruction absolutely told the jury to the contrary. (2) This instruction positively assumed that there was a debt to the plaintiff which was the subject of controversy in this suit, and also squarely assumed that a liability existed from which Benjamin Tyler could not be released by an agreement with Byron Tyler. This was certainly highly prejudicial and fatal. Wright v. Fonda, 44 Mo. App. 634; Shoe Co. v. Hilig, 70 Mo. App. 301, 310; Hull v. St. Louis, 138 Mo. 618. (3) The court erred also in refusing to permit the defendant to prove by the witness Gains that on the day that Byron Tyler and the plaintiff, his wife, rented the safe deposit vault $1,500 was drawn out of the bank account of Byron Tyler & Company, and on the next day thereafter the further sum of $2,100, because the evidence has shown that this account of Byron Tyler & Company was one upon which he and his wife both had the right to check, and ought to have gone to the jury for them to determine whether as a matter of fact this money did not go to her from her husband and go into the safe deposit vault, of which she had control as well as her husband, as tending to show that if she made any loan to her husband that she received the money back.

M. T. JANUARY and J. H. LUCAS for defendant in error.

(1) The instruction very carefully, and we think, accurately submits to the jury the question of whether or not

VOL. 78 app—16

this money was loaned to Tyler Brothers, and if so and was unpaid, either member was liable. If the jury is given credit for any intelligence they could not have been misled by this instruction. (2) If Benjamin Tyler, as he testified, when he discovered the account on the firm books, objected and held the conversation detailed with Mrs. Tyler, in which he offered her back the money and she refused, agreeing that it should not be regarded as a firm loan, it would be necessary for defendant to plead this fact either as an estoppel or subsequent contract in order to avail himself of it, even if it constituted a defense. The purpose of the rejected evidence was doubtless to show that Mrs. Tyler had an opportunity to repay herself out of her husband's funds. There was no pretense that she would do it or did do it, but simply that she could do it. If this evidence had been admitted and the jury had been influenced by it, in the face of the positive evidence to the contrary, we believe the trial court, under the rulings of this court would have been compelled to set aside the verdict.

SMITH, P. J.—The plaintiff sued the defendant to recover the sum of $1,800 which, in May, 1891, she had loaned Tyler Brothers, a copartnership composed of defendant and Byron Tyler, the latter being then her husband. The defendant's answer was a general and special denial.

There was a trial to a jury in the court below which resulted in a judgment for plaintiff. The defendant, who appeals, seeks a reversal of the judgment on account of the commission by the court of three errors which he has assigned.

The first of these is the action of the court in giving plaintiff's first instruction which informed the jury that Byron Tyler had a right to borrow money on account of his firm and to thereby bind it, and if they (the jury) believed from the evidence that Byron Tyler borrowed the money

Tyler v. Tyler.

in question on account of the firm of Tyler
Brothers, and that it was used for firm
purposes, then the objection on the part of de-
fendant to the borrowing of the money, if he
made any objection, would not release him
from liability if they further believed from the
evidence the money so borrowed had not been
repaid.    The authority of Bryon Tyler to borrow plaintiff's
money for the firm of Tyler Brothers, and thereby bind it,
is not controverted.    If the defendant relied on an es-
toppel or subsequent modification of the contract, under
which the firm was bound to plaintiff for the money she
had loaned to it, he should have interposed such a defense
by his answer.    Even if it were an undisputed fact, as it is
not, that some time after the plaintiff had made the loan to
the firm of Tyler Brothers, she told defendant that she
would not look to the firm for payment of it, but to Byron
Tyler, this, under the pleadings, could not be made available
as a defense.    The instruction, it seems to us, was within
the limits of the issues made by the pleadings and was un-
exceptionable in expression.

The second instruction for plaintiff, already referred
to, told the jury that if they believed from the evidence that
about February, 1891, plaintiff recovered a judgment against
the Missouri Pacific Railway Company for personal injuries
sustained by plaintiff in a wreck on said road,
said damages so recovered became the sole and
separate property of plaintiff, free from the
control of her husband and exempt from liabil-
ity for his debts, and could not under the law become
the property of her husband, except with the assent in writ-
ing of plaintiff.    And if they further believed that the sum
so recovered as damages by plaintiff was loaned to the firm
of Tyler Brothers, by plaintiff, of which defendant was a
member, and said sum has not been paid back in full to

plaintiff, then both Bryon and Benjamin Tyler, or either of them, are liable for such sum. And further, that any settlement between Byron and Benjamin Tyler, by which Bryon assumed and agreed to pay the debt to plaintiff, was not binding on plaintiff, and did not release the liability of defendant, unless such arrangement and settlement were made with the knowledge and consent of plaintiff.

The first sentence of this instruction is little more than a mere abstraction. There is no inconsistency between it and the defendant's fifth. If the third and last sentence of this instruction assumes a fact, as defendant insists, such assumption was justified by the undisputed evidence. It is in effect conceded that at the time of the dissolution of the firm of Tyler Brothers either the firm or Byron Tyler was indebted to her for the amount of her money that had gone into the firm. The only question was as to who was liable for the debt. The court did not therefore err in assuming in this instruction that plaintiff had a debt.

The third and last error assigned by the defendant was that of the trial court in rejecting his offer to prove by the witness Gains that Byron Tyler & Company kept an account with the Metropolitan National Bank and that on a certain day plaintiff and her husband rented a safe deposit company box and on that and the next day the plaintiff's husband drew out of the bank some $3,600 and put it in the said safe deposit box. It may be that the circumstance which the proffered evidence tended to prove was sufficient to justify the inference that the plaintiff had an opportunity of paying herself out of the money placed by her husband in the safe deposit box rented by plaintiff and her husband.

EVIDENCE: access of wife to husband's money: harmless error.

While such proffered evidence could have had but very little bearing in one way or the other, still defendant was entitled to have it received and considered for what it was

worth. But in view of the testimony of the plaintiff and her divorced husband that she never was in the vault of the Safe Deposit Company, and that she never was paid out of the money deposited therein, or in any other way, we are not disposed to disturb the judgment for so slight an error. We can not see that such rejected proof, had it been received, would have caused a different result.

We discover no ground to warrant our interference and so affirm the judgment. All concur.