## McFARLAND v. MISSISSIPPI RIVER AND BONNE TERRE RAILWAY COMPANY, Appellant.

### Division Two, June 9, 1903.

1. **Undergrowth on Railroad Tracks:** STATUTE CONSTITUTIONAL. The Missouri statute which requires railroad companies to clear off, remove or burn up vegetation and undergrowth on their rights of way, in the months of August and October of each year, is constitutional. Said statute does not deprive a railroad of its property without just compensation or without due process of law.

2. ———: ———: RECOVERY OF PENALTY. Although said statute is penal, and therefore must be strictly construed, and although no part of the penalty is in express terms given by the statute to the person suffering the damage or to an informer, and although no informer is in express words authorized to sue in his own name or to cause suit to be brought by the State, yet it clearly indicates that the railroad company should be "liable for all damages done by said neglect of duty" to the party damaged, and hence, such person may recover, in addition to the actual value of the property destroyed, the penalty prescribed by the statute.

3. ———: PENALTY: DISPOSITION. The Legislature, in the absence of any constitutional restriction, may lawfully make such disposition of the penalty of a penal statute as will, in its judgment, best subserve the purposes of the enactment.

4. ———: ———: RECOVERY BY STATE, ETC. The general statute providing that "whenever a fine or penalty is, or may be, inflicted by any statute of this State for any offense, the same may be recovered by indictment or information" by the State or county, etc., does not have reference to mere infringement of private rights which is not punishable by indictment or information, but to offenses which are so punishable. The State, county, school fund, etc., is not, therefore, the proper party to sue for the recovery of the penalty imposed on a railroad for its neglect to obey the statute requiring it to clear off and remove undergrowth from its right of way, for that statute was enacted "for the purpose of preventing the spreading of fire and the destruction of property" of the adjacent property-owners.

5. ———: ———: AMOUNT OF RECOVERY. That statute does not permit each of several property-owners damaged by the fire to recover the whole of the penalty prescribed by the act for one neglect of duty, but that one who first brings his case to judgment and re-

covers the whole or a part of the penalty will be entitled to the preference over all others, and so on, until judgment is recovered for the full amount of $500, the maximum penalty for the one neglect of duty, that is, the penalty imposed as damages done by one and the same fire.

6. ———: ———: INSTRUCTION. The instruction set out in the opinion is not open to the objection that it did not require the jury to find that the fire began on the railroad right of way, and thence escaped to plaintiff's property, nor to the objection that it did not require the jury to find that the railroad's failure to clear off the undergrowth was the proximate cause of the injury, nor to the objection that it did not tell the jury that only in case the fire was communicated by dead and dry vegetation and undergrowth would defendant railroad be liable.

Appeal from St. Francois Circuit Court.—*Hon. Jas. D. Fox,* Judge.

AFFIRMED.

*Huff & Sleeth* for appellant.

(1) The statute upon which plaintiff grounds the second count of this cause of action is unconstitutional, for the reason that it seeks to take defendant's property without due process of law, and denies to railroad corporations the protection of the laws as guaranteed to them under the fourteenth amendment to the United States Constitution, and is also in contravention to that clause of our Constitution which provides that private property shall not be taken for private use. Railroad v. Ellis, 165 U. S. 150. (2) This statute is penal and should be strictly construed. Scott v. Railroad, 38 Mo. App. 523; Hale v. Railroad, 41 L. R. A. 669. (3) The action for the penalty provided for in the statute can only be brought in the name of the State, or in case it is held that such action could be prosecuted by the parties sustaining the injury, then all who sustained damage by the one fire must be joined as parties plaintiff for the recovery of the penalty. R. S. 1899, secs. 1110, 2391; Elliott on Railroads, p. 1027, sec. 713; Brownell v. Railroad (Mass.), 29 L. R. A. 169. (4)

·The court erred in giving instruction No. 3 for plaintiff, in that it did not require the jury to find that the fire begun on the right of way of defendant's road. (5) There was no evidence on which the jury was justified .in saying this fire was set out by defendant's locomotive. Peck v. Railroad, 31 Mo. App. 123.

*Pipkin & Swink* for respondent.·

(1)    There is nothing in the objection that the statute in question is unconstitutional. Counsel for appellant admit that the statute is penal in its nature. Penal statutes have never been held to be in conflict with the provisions of .the fourteenth amendment to .the United State Constitution, nor with any provision of our State Constitution. Barnett v. Railroad, 68 Mo. 56. (2) The action to recover the penalty was properly brought in the name of the person injured. Scott v. Railroad, 38·Mo. App. 523; Balwin v. Fries, 46 Mo. App. 294; Barnett v. Railroad, 68 Mo. App. 56; Seaton v. Railroad, 55 Mo. App. 416; Parish v. Railroad, 63 Mo. App. 286. Nor was there a non-joinder of parties defendant: first, for the reason that no one else was jointly injured with this plaintiff; and, second, even if there were, it is not necessary for all those jointly injured to join in a suit to recover the penalty. 18 Am. and Eng. Ency. of Law (1 Ed.), p. 277; 16 Ency. Pl. and Pr., p. 266.

BURGESS, J.—The petition in this case is in two counts. The first count is as follows:

Plaintiff states that W. F. Mitchell is, and was at· the times hereinafter mentioned, the owner of certain premises in the county of St. Francois, being the premises on which the said W. F. Mitchell then and now resides; that plaintiff had located on said premises of W. F. Mitchell, with his knowledge and consent, twenty-six cords of wood; that on the 6th day of September, 1899, defendant was and is a corporation owning and operating a railroad in and through the county of St.

Francois, State of Missouri; that the railroad of defendant runs through the said premises of W. F. Mitchell; that on the 6th day of September, 1899, a certain locomotive was in use on said railroad, and was then and there attached to and drawing a train of cars at the point where said road runs through the premises of the said W. F. Mitchell; that said locomotive was so defectively and improperly built and constructed, and was so carelessly, negligently and unskillfully managed by the agents, servants and employees of defendant in charge thereof, that sparks of fire escaped from said locomotive and set fire to the grass, stubble and combustible matter on and in the vicinity of its said road, and which said fire escaped to the adjoining premises of the said W. F. Mitchell and burned, consumed and destroyed a large amount of cordwood located thereon, and belonging to the plaintiff, to-wit: twenty-six cords of wood of the value of fifty-two dollars, to the damage of plaintiff of fifty-two dollars, for which plaintiff asks judgment.

The second count is an action under section 2614, Revised Statutes 1889, for penalty for the failure of defendant to comply with said statute in this: said company failed between the 1st and the 15th days of August, 1899, and between the 5th and 25th days of October, 1899, to cause all dead or dry vegetation and undergrowth upon the right of way occupied by said railroad company about one and one-half miles north of the ''Junction,'' a station on said road, and at a point adjacent to the farm and property of the said W. F. Mitchell, to be cleaned off or burned up or removed; that by reason of the failure of the said defendant company to comply with the statute aforesaid, said defendant by its agents and servants, on or about the 6th day of September, 1899, was operating a locomotive engine on its said road where it runs through the said W. F. Mitchell's farm aforesaid, which said engine or locomotive was so defectively and improperly built and constructed, and was so carelessly, negligently and unskillfully managed by the agents, ser-

vants and employees of defendant in charge thereof, that sparks of fire escaped from said locomotive and set fire to the grass, stubble and combustible matter on and in the vicinity of its said road, and which said fire escaped to the adjoining premises of the said W. F. Mitchell, and burned, consumed and destroyed a large amount of cord-wood thereon, and belonging to the plaintiff, to his damage. That said plaintiff, by virtue of section 2614, Revised Statutes of 1889, of State of Missouri, is entitled to the penalty therein provided, to-wit, five hundred dollars, and therefore asks judgment for the sum of five hundred dollars and costs.

The answer is first a general denial, and then proceeds as follows:

"And for other separate and distinct defense to plaintiff's pretended cause of action, defendant still denying that plaintiff suffered any damage as alleged in his petition, says that on the date alleged in the petition there was a fire near defendant's right of way that burned and destroyed certain property which it is alleged belonged to plaintiff, and that the same fire at the same day and time burned certain other property belonging to other parties, and that said other parties are also demanding against this defendant, judgment for said damages so alleged to have been suffered by them, and also under the provisions of section 1110, Revised Statutes of 1899, are each demanding a penalty not exceeding $500 because of such damage. Wherefore defendant says that there is a non-joinder of parties plaintiff herein, and that plaintiff can recover nothing herein, by way of penalties without joining in the same action all who suffered from said fire.

"Defendant further says that the said statute, section 1110 of Revised Statutes, is unconstitutional in that the same attempts to take the property of the defendant for private use without just compensation, and imposes upon defendant an excessive penalty, and is an unjust discrimination against this defendant."

The trial resulted in a verdict and judgment in favor of plaintiff on the first count in the sum of thirty-nine dollars, and on the second count in the sum of one hundred and fifty dollars.

Defendant in due time filed motion for new trial and in arrest, which being overruled, it appeals.

The facts are substantially as follows:

On the 6th day of September, 1899, plaintiff was the owner of cordwood of the value of thirty-nine dollars which was corded up on the land of one W. F. Mitchell by and with his consent, within forty feet of defendant's right of way. On that day the wood was consumed by fire, which the evidence tended to show was occasioned by the negligence of defendant in the management of its trains in consequence of which fire escaped from its engine, setting the grass upon its right of way on fire, which had not been burned off between the first and fifteenth of August, 1899, as required by statute, and thus communicated to plaintiff's wood.

The court, at the request of plaintiff, and over the objection of defendant, instructed the jury as follows:

"1. The court instructs the jury that this action is brought to recover damages done to the cordwood of plaintiff on the first count for fifty-two dollars, and in the second count for the penalty as provided in section 1110, Revised Statutes of Missouri of 1899, for failure to clear and burn off the right of way in any sum not exceeding five hundred dollars.

"2. The court instructs the jury that if they believe from the evidence that the defendant, The Mississippi River and Bonne Terre Railway Company, on or about the 6th day of September, 1899, while running its locomotive steam engines, cars and coaches on its line of road in St. Francois county, Missouri, through its servants, agents and employees, permitted the sparks and fire to escape from its engine or engines and set fire to the grass, stubble and combustible matter on and in the vicinity of its said road, and from thence escaped to

the adjoining premises of plaintiff and burned, consumed and destroyed cordwood belonging to plaintiff, you will find for the plaintiff and assess his damages at such sum as you may find was the reasonable value of the property consumed, not exceeding fifty-two dollars.

"3.    The court instructs the jury that under the laws of this State all railroad companies are required, and it is made their duty, to cause all dead or dry vegetation or undergrowth upon the right of way occupied by said railway company, to be cleaned off and burned twice each year for the purpose of preventing the spread of fire, and the destruction of property, to-wit, between the first and fifteenth day of August, and between the 5th and 25th day of October, in each year. Therefore, if you find from the evidence in this cause that the defendant, the Mississippi River and Bonne Terre Railway Company, failed between the first and fifteenth days of August, 1899, to cause all dead and dry vegetation and undergrowth upon the right of way occupied by said railway company about one and one-half miles north of the Junction, a station on its said road, at a point adjacent to the farm of W. F. Mitchell and where said railroad runs through the farm of W. F. Mitchell, to be cleaned off and burned off or removed and that defendant by its agents and servants on or about the 6th day of September, 1899, while operating a locomotive engine where it runs through W. F. Mitchell's farm aforesaid, permitted sparks and fire to escape from said locomotive and set fire to the grass, stubble and combustible matter, on and in the vicinity of its said road, and which said fire escaped to the adjoining premises of W. F. Mitchell and burned, consumed and destroyed the wood of plaintiff located thereon, and that said wood was placed there by permission of the said W. F. Mitchell to the damage of plaintiff, you will find the issues for the plaintiff and assess the penalty at a sum not exceeding five hundred dollars."

McFarland v. M. R. & B. T. Ry. Co.

The following instructions were asked by defendant and refused, to-wit:

"The court instructs the jury that under the pleadings and evidence the plaintiff can not recover on the second count of the petition, and your verdict must be for the defendant on said second count.

"The court instructs the jury that this action being brought under what is now section 1110 of Revised Statutes of Missouri, and the fire which is alleged to have destroyed plaintiff's property having occurred before the time in which defendant was required to clear off its right of way the second time in the year 1899, defendant can not recover in this action on the second count thereof, and your verdict on that count must be for the defendant.

"The court instructs the jury. that the plaintiff is not entitled to recover on the second count set out in his petition for the reason that the penalty sued for in said second count is excessive, and in violation of section 25 of article 2 of the Constitution of the State, and that said section 1110 of the Revised Statutes of Missouri of 1899, upon which said second count is based, is therefore null and void; and because said section is also in violation of the first section of the fourteenth amendment to the Constitution of the United States, in that it deprives the defendant company of the property without due process of law and without just compensation or any compensation whatever, and denies to the defendant, a citizen of the State of Missouri, the equal protection of its laws, as afforded to other citizens of this State, and is therefore void; and the jury will return a verdict for the defendant on said second count."

It may be conceded that the act in question is penal in its character and must be strictly construed, and that its purpose is to enforce the performance of a duty imposed by statute upon railroad corporations. But it does not necessarily follow that a person who is damaged by reason of the failure of a railroad company to com-

ply with the provisions of the act may not sue for and re-
cover part or all of the penalty.   It is true that no part
of the penalty is in express terms given by the statute
to the person suffering the damage or that any part of it
is given to an informer, or that any informer is author-
ized to sue in his own name or to cause a suit to be
brought by the State.   The evident purpose of the Leg-
islature was ''for the purpose of preventing the spread-
ing of fire and the destruction of property'' of ad-
jacent property-owners and to afford them ample re-
dress for damages sustained by fires occasioned by the
non-observance of the provisions of the statute by such
companies.   It was never for one moment contemplated
by the lawmakers that the penalty might be sued for or
collected by any other person than the person damaged,
which is clearly indicated by the language used.   It
says:   ''And any corporation, company or person fail-
ing to comply with the provisions of this section shall
incur a penalty not to exceed five hundred dollars, and
be *liable for all damages* done by said neglect of duty.''
It is clear from the language employed that the penalty
imposed by the statute is for the benefit of persons dam-
aged, and, that the penalty is incident to the damages,
for the statute says ''shall incur a penalty not to exceed
five hundred dollars, *and* be liable for all damages done
by said neglect of duty,'' thus clearly indicating that no
one who has not sustained damages can sue for the pen-
alty.

In passing upon this question in Scott v. Railroad,
38 Mo. App. 523, it is said:   ''The exact language of
the statute is that 'any [railroad] corporation, company
or person failing to comply with its provisions shall in-
cur a penalty not to exceed five hundred dollars, and be
liable for all damages done by said neglect of duty.'
Liable to whom?   To the State or the county or the
person who has suffered from the neglect of duty?   The
damages indisputably are recoverable by the aggrieved,
and why not the penalty as well?   There is nothing in

the language, which we have just quoted, that justifies the conclusion that the damages are to be recovered by the aggrieved party, and the penalty by the State or county for the use of the county school fund. If the Legislature had so intended, it would have been so expressed in the statute itself. The statute being penal, in the absence of any constitutional restriction, the Legislature may lawfully make a disposition of the penalty imposed by it, as will, in its discretion, best subserve the purposes of the enactment. Instead of giving the whole penalty to the State or county, or dividing it and providing for a *qui tam* action, the whole penalty is given to the party who has been injured, and the method adopted is no doubt the most efficient one for the enforcement of the statutes.''

But the defendant contends that section 2391, Revised Statutes 1899, certainly gives the right to the State to sue in its own name for the recovery of this penalty. That statute provides that ''whenever a *fine* or *penalty* is or may be inflicted by any statute of this State for any *offense,* the same may be recovered by indictment or information, notwithstanding another or different remedy for the recovery of the same may be specified in the law imposing the fine, penalty or forfeiture: Provided, that in all cases the fine, penalty or forfeiture shall go to the State, county, corporation, person or persons to whom the law imposing the same declares it shall accrue.'' It will be observed that the fine, penalty or forfeiture inflicted by the statute under consideration is for an *offense* which may be recovered by indictment or information, and not a ''breach of the laws established for the protection of the public, as distinguished from an infringement of mere private rights; a public violation of law; a crime; also, sometimes, a crime of the lesser grade; or misdemeanor.'' [17 Am. and Eng. Ency. of Law, 36.] It is plain, therefore, that the statute imposing a duty and fixing penalties for a failure to perform is not an offense within the meaning of the statute,

but the mere infringement of private rights, not punishable by indictment or information, and, therefore, not within the meaning of section 2391, supra.

The statute does not entitle an injured party to recover absolutely the entire amount of the penalty, but any part or all of it, to be determined, of course, by the court or jury, the limit being five hundred dollars. And although there may be a number of persons damaged by reason of the failure of a railroad company or corporation to comply with the statute, the penalty all told can not exceed the sum indicated for the same neglect of duty, in other words, the same fire, and the plaintiff who first brings his case to judgment, and recovers judgment for part or all of the penalty, will be entitled to the preference over all others, and so on, until judgment is recovered for the full amount. The defendant can then show in any subsequent case growing out of the same negligent act, the prior judgment in reduction of the amount of any subsequent claim for the same neglect, for which it may be liable, and so until the limit is reached.

Instruction numbered three given for plaintiff is complained of upon the ground that it did not require the jury to find that the fire began on the right of way of the road, and thence escaped to the plaintiff's property; did not require the jury to find that the failure to clear off the right of way was the proximate cause of plaintiff's injury, and did not tell the jury that only in the event the fire was communicated by dead and dry vegetation and undergrowth would the defendant be liable.

But the instruction is not open to the first objection interposed because it does require in so many words that the 'fire be begun. "*on* and in the vicinity of said road.'' Nor is the instruction susceptible to the objection that it does not require the jury to find that the failure of defendant to clear off the right of way was the proximate

cause of plaintiff's injury or that the fire was communicated by reason of dead and dry grass.

The instructions when taken together presented the issues very fairly to the jury and the evidence was amply sufficient to sustain the verdict.

Therefore, being unable to perceive wherein the statute upon which plaintiff grounds the second count of his cause of action.is unconstitutional because violative of the fourteenth amendment to the Constitution of the United States, or of that clause of. the Constitution. of this State which provides that private property shall not be taken for private use, we affirm the judgment. *Gantt, P. J.,* concurs; *Fox, J.,* not sitting.