B. E. WILLIAMSON et al., Respondents, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, December 4, 1905.**

1. **PARTIES: Misjoinder: Objection.** A misjoinder of parties must be taken advantage of by answer where it does not appear upon the face of the petition.

2. **RAILROADS: Ditches and Drains: Surface Water: Statute.** Under section 1110, Revised Statutes 1899, a railway company should construct ditches and drains to lead off surface water which would otherwise be collected by its embankments, and a failure to do so will give a cause of action to parties injured thereby.

3. ——: ——: ——: ——: **Evidence.** Evidence held sufficient to go to the jury on the question of a railway embankment causing the flooding of certain lands. [Harrelson v. Railway Company, 151 Mo. 482, distinguished.]

4. ——: **Embankment: Profile: Evidence.** A certain unidentified blue print of a railway right of way was properly excluded from the evidence.

5. ——: **Flooding Lands: Pleading: Proof.** A seeming variance between the description of the land in the pleadings and in the evidence is held a mere misrecital and not reversible error.

Appeal from Boone Circuit Court.—*Hon. Alexander H. Waller,* Judge.

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

(1) The plaintiffs were not partners, neither were they such joint owners of the corn crop in question as entitled them to be joined as plaintiffs. Burks had no interest in and no authority to dispose of or in any manner control the part belonging to Williamson. (2) The water complained of in this case was rain water flowing

from the hills. Abbot v. Railroad, 83 Mo. 271-280. (3) The evidence did not establish that the water which did the damage complained of, was obstructed by the railroad, or that a ditch on the right of way would have carried it off. (4) The section of the statute pleaded in this case does not impose upon the railway company the duty of constructing a ditch to carry off such water as caused the damage complained of in this case. (5) The court also erred in refusing to admit in evidence the profile of the defendant's right of way. It was conceded that it is about a mile and a half from the plaintiff's land to Perche creek.

*N. T. Gentry* for respondents.

(1) As to appellant's contention that there was a misjoinder of parties plaintiff, it may be said that no such issue was raised in the trial court, either by demurrer, answer, motion for a new trial or in arrest of judgment. Crenshaw v. Ullman, 113 Mo. 1. c. 638; Mills v. Carthage, 31 Mo. App. 142; Rothschild v. Lynch, 76 Mo. App. 560; Cox v. Railway, 174 Mo. 588; Macfarland v. Railway, 175 Mo. 422. (2) The trial court adopted the proper measure of damages, to-wit, the value of the growing crops at the time of their destruction. Gresham v. Taylor, 51 Ala. 505; Irwin v. Nolde, 176 Pa. St. 594; Land & W. Co. v. Hartman, 5 Colo. App. 150; Folsom v. Log. Driv. Co., 41 Wisc. 602; Lampley v. Railway, 63 S. Car. 462; Hosli v. Yokel, 57 Mo. App. 622; Railway v. Emmett, 53 Neb. 237; I Southerland on Damages, 103; 3 Joyce on Damages, sec. 2141; Lommeland v. Railway, 35 Minn. 412; Railway v. Yarborough, 56 Ark. 612; Railway v. Marley, 25 Neb. 1. c. 146; 3 Elliott on Evidence, sec. 2007. (3) Counsel for appellant says that the evidence did not show that the water that did the damage was obstructed by the railroad, nor that a ditch on the right of way would have carried it off. With all due respect to counsel, the evidence did show that some of the water that caused the injury complained of was

surface water and that it was arrested in its flow to the south and caused to flow over these growing crops; and that the railroad embankment was the obstruction, and *the only obstruction*. (4) But it is argued by appellant that some of the injury to respondents' crops was done by water that flowed from the branch, and that the defendant was not responsible for the overflowing of the branch. But the embankment, which defendant erected and upon which it placed its track, did stop the water in the branch, and thereby caused it to back up on the growing crops. Harrison v. Adamson, 86 Iowa 693; Post v. Railway, 72 Conn. 367; Russell v. Columbia, 74 Mo. 480. (5) Appellant contends that the wrong kind of an action has been brought—that it is liable for obstructing the channel of a stream without any lawful right. Respondents admit that there is also a liability as suggested in appellant's brief in this point. Yet section 1110 of our statute was enacted for the purpose of providing for a case just like the one at bar. Cox v. Railway, 174 Mo. 589; Byrne v. Railway, 47 Mo. App. 383; Graves v. Raliway, 69 Mo. App. 574; DeLapp v. Railway, 69 Mo. App. 572; Field v. Railway, 21 Mo. App. 600; R. S. 1899, sec. 1110; Railway v. Baer, 86 S. W. (Tex. Civ. App.) 1. c. 654.

ELLISON, J.— In the summer of 1904 plaintiffs were the owners of growing crops on land owned by one of plaintiffs, lying in the Missouri river bottom out near the bluffs or hills. Defendant's right of way is south of this land, between it and the river. Defendant constructed an embankment along the right of way, upon which it laid its track and operated trains. The effect of this embankment was to obstruct the flow of surface water from the hills south over the general surface and through one or more creeks or branches, so that it backed up over plaintiff's crops and injured them. The trial was before the court without the aid of a jury and resulted in favor of the plaintiffs.

There are several objections urged for reversal of the judgment, several of a technical nature. It is first said that plaintiffs have joined in the suit when they were not partners, nor were they joint owners. But no proper objection was taken to the alleged misjoinder and it is now too late. [Crenshaw v. Ullman, 113 Mo. 633, 638.]

It is said by defendant that the water which was obstructed and caused to submerge the land upon which the crops were growing was surface water and that no liability attached to defendant for such obstruction. The case of Abbott v. Railway, 83 Mo. 271, is cited to sustain the contention. The injury out of which that case arose was prior to the adoption of what is now section 1110, Revised Statutes 1899. That statute makes it the duty of the railway company to construct ditches or drains so as to lead off surface water, which otherwise would be collected by their embankments. A failure to perform such duty is sufficient to sustain an action by a party who may be injured by the overflow. [Cox v. Railway, 174 Mo. 588; McFarland v. Railway, 175 Mo. 422.]

It is suggested that the evidence failed to show that the embankment was the real cause of the overflow, and that it failed to show that ditches or drains would have carried it off. We however think the evidence ample to sustain the finding of the court, and so of the contention that the water which caused the injury came from the overflow of a creek or branch in a wet season. It is apparent from parts of the evidence that but for the embankment and failure to properly drain, the injury would not have followed, and such is the effect of the statement of some of the witnesses. We do not agree with defendant's suggestion that the purpose and object of the statute does not afford a remedy for plaintiff's grievance. It is manifest that there was ample testimony tending to show that defendant's embankment caused a holdng back of the flow of the water until it came over plaintiff's land, and that a compliance with

the statute would have prevented it. We do not consider the case of Harrelson v. Railway, 151 Mo. 482, as applicable to the facts in this case, upon which plaintiffs depend.

We do not consider the rejecton of a certain profile of the defendant's right of way, which was offered in evidence, as error. Several plats of the grounds in controversy were introduced, but objection was made to what was denominated "a blue print of the right of way" of the defendant "showing elevations and construction of right of way." It was in no way identified as having been made of the place in controversy. It was not shown to be of any authenticity, or that it was correct. No offer was made beyond a tender of the paper. It was properly excluded.

It is finally objected that the proof did not show the crops to be upon the land described in the petition. There seems to have been a variance as to a description of a part of the land. The identity of the crops was fully made out and a mere misrecital of part of the numbers of the descripton ought not to work a reversal of the judgment, especially in view of the fact that no proper advantage was taken of the objection. We have gone over all points of objection made and conclude that no error was committed substantially affecting the merits of the action, and judgment is affirmed. All concur.