HENRY C. EMERY, Respondent, v. ST. LOUIS AND
SAN FRANCISCO RAILROAD COMPANY, Ap-
pellant.

**Springfield Court of Appeals, June 6, 1910.**

1. **RAILROADS: Drainage: Construction of Lateral Ditches.** In
an action under sec. 1110, Revised Statutes 1899, to recover
damages caused to plaintiff's crops by reason of the failure of
the company to dig lateral ditches on either side of its road-
bed so as to afford sufficient outlet to drain off the water, the
evidence on the practicability of draining plaintiff's farm by
these lateral ditches is examined and held sufficient to en-
title plaintiff to go to the jury.

2. ——: ——: **Surface Water.** Under section 1110, R. S.
1899, a railroad company is required to construct ditches and
drains to carry off surface water; and where it is practicable
for the railroad company, by digging lateral ditches to carry
off surface water that had been obstructed by the construction
of the railroad, a failure to discharge such duty will render
the company liable for damages caused thereby.

3. ——: ——: **Penalty: Constitutional Law.** Although sec-
tion 1110, R. S. 1899, imposes a penalty for failure to com-
ply with its provisions, yet where the penalty feature is ex-
pressly excluded from the consideration of the jury, the rail-
road company is in no position to complain as to said penalty,
nor to raise the question of the constitutionality of the sec-
tion because of the penalty.

Appeal from Butler Circuit Court.—*Hon. J. C. Shep-
pard,* Judge.

AFFIRMED.

*W. F. Evans* and *James Orchard* for appellant.

The demurrer offered by the defendant at the
close of plaintiff's case, as well as the peremptory in-
struction at the close of all the evidence, should have
been given as the evidence shows that the plaintiff's
land was lower at the point where it touches the rail-

road than the point at Little Raft Slough, where they expect to intersect the slough to carry off the water. Kenny v. Railroad, 69 Mo. App. 569; Collier v. Railroad, 48 Mo. App. 398; Fields v. Railroad, 21 Mo. App. 600; Delapp v. Railroad, 69 Mo. App. 572; Graves v. Railroad, 69 Mo. App. 574; Snyder v. Railroad, 29 Mo. App. 68.

*David W. Hill* and *Ernest A. Green* for respondent.

The evidence shows that the surface of the water in  Little Raft Slough was at least seven to ten feet lower than the point where defendant's railroad touches Emery's land; in which case there was a perfect showing of a cause of action on the part of plaintiff. Williamson v. Railroad, 115 Mo. App. 72; Cox v. Railroad, 174 Mo. 589; R. S. 1899, sec. 1110; Sessions Acts 1907, p. 169.

NIXON, P. J.—This was an action under section 1110, Revised Statutes 1899, concerning railroad companies, and was instituted by the respondent against the appellant for damages caused to his growing crops by reason of the failure of appellant to dig lateral ditches on each side of its roadbed  so as to afford a sufficient outlet to drain off the water. Upon trial before a jury, respondent obtained a verdict and the case is here on defendant's appeal.

The evidence of the plaintiff tended to support all the material allegations of his petition. He introduced evidence to show that during the years 1905, 1906 and 1907 he was the owner of the southeast quarter of the southwest quarter of section thirty-six, township twenty-five, range six east, in Butler county, Missouri. That during said time, defendant maintained and operated its railroad along and adjoining plaintiff's farm and that said railroad had been completed and in op-

ertion more than three months prior to the 1st day of January, 1905. That the construction and maintenance of said railroad, from a point adjoining plaintiff's farm southwest to Little Raft Slough, obstructed large quantities of water and caused the same to run across and stand upon plaintiff's land during the said years, preventing the cultivation of the land and injuring the crops of corn growing thereon. That said injury was caused by the failure of the defendant to construct suitable ditches and drains along the sides of its roadbed from a point adjoining plaintiff's farm to Little Raft Slough. The evidence was conflicting as to whether it was praticable to construct drains and ditches over this route and whether, if constructed, they would carry the water off which had accumulated by reason of the construction and maintenance of the railroad. The evidence of E. C. Nickey for the plaintiff was that he was the county surveyor of Butler county and the city engineer of Poplar Bluff; that the defendant's railroad at Emery's farm and on down to Little Raft Slough was constructed on an embankment about two and one-half or three feet high and that there were no ditches or drains on either side of the railroad that would carry off the water from Emery's farm to the slough. He testified that it would be practicable and feasible to construct a ditch along the side of this embankment running from the Emery farm to Little Raft Slough and that it would carry off the water which might be obstructed by the railroad embankment; that the same could be easily constructed and without large expense. He stated that Little Raft Slough connects with Black river; that Little Raft Slough had a great enough capacity to carry off all the water that might be carried along the side of the railroad into it and that Black river had sufficient capacity at the point to accommodate all the water that should come down through this ditch. That the difference in elevation of the lowest surface of the earth on the Emery farm

where the railroad adjoined it and the surface of the water in Little Raft Slough was seven and one-half feet; that is, that the surface of the water in Little Raft Slough is six and six-tenths feet lower than the Emery farm. That the soil between the points is sandy and that it would be easy to construct the necessary ditch between the points; that the greatest depth of the ditch would be eleven and four-tenths feet and that the average depth would be seven feet.

The defendant introduced the evidence of its engineer · which tended to contradict the statements of Nickey in every essential respect.

I.   The only serious contention of the appellant is that the surface water which had accumulated along its railroad embankment on the plaintiff's farm could not be carried off by any ditch into the Little Raft Slough because the slough was seven feet higher than the water on the farm that was to be drained, and that it was not its duty under the statute and it did not have the power to make the water run up-hill.

There was a conflict in the evidence on the question whether Little Raft Slough was lower than the farm and it was fairly submitted by the instructions to the jury. Their finding was against the appellant, and under the law, that finding cannot be disturbed by us.

II.   It is further contended by the appellant that it is not required under the statute to construct ditches and drains to carry off surface water.

A reading of the statute, as amended, will show that it is an innovation upon the common law as to surface water which has hitherto prevailed in this State, and its terms leave no question as to its meaning. It clearly has reference to overflow water, which is surface water, as well as rainfalls and melting snow. Otherwise it is meaningless. [Cox v. Hannibal & St. J. R. Co., 174 Mo. 588, 74 S. W. 854.] The cases cited by appellant are not in point on this appeal because the

evidence here tends to show and the jury found the fact to be that it was practicable for the appellant to have complied with the statute, and, by digging lateral ditches, to have conveyed the surface water which had been obstructed by the construction of the railroad into other ditches, drains and watercourses. Hence, under the statute and the decisions, it was the duty of the defendant to dig such lateral ditches, and a failure to discharge such duty gave the plaintiff a right of action for the injuries that he thereby sustained. [Williamson v. M., K. & T. Ry. Co., 115 Mo. App. 72, 90 S. W. 401.]

III. The appellant set up in its answer as a defense that the section of the statute under which this action was brought was unconstitutional in that it imposed upon the defendant a penalty. Inasmuch as the penalty clause in the plaintiff's petition was by the court expressly excluded from the consideration of the jury, the appellant has no ground of complaint as to such section.

On a review of the whole case, we find that the trial was fairly conducted according to the well-established canons of law, and no material error appears in the record. The judgment was for the right party and is accordingly affirmed. All concur.