MARY A. HUNT, Appellant, v. MISSOURI KANSAS & TEXAS RAILWAY COMPANY, Respondent.

**Kansas City Court of Appeals, January 2, 1911.**

1. **RAILROADS: Drains: Overflow: Waiver.** If a party defendant charged with the obstruction of the natural flow of water and a failure to properly construct ditches to carry off the water, relies upon a change made in the ditches in accordance with the plan of the landowner and his written waiver of any damages, such waiver must be pleaded in the answer.

2. **————: ————: Statute: Issue.** By the provisions of section 3150, Revised Statutes 1909, it is the duty of a railroad company to construct ditches along its right of way to carry off water obstructed by its roadbed, and in a case of damage under such statute it is an issue as to the difference between the conditions at the time of the overflow and what they would have been had proper ditches been dug.

Appeal from Boone Circuit Court.—*Hon. N. D. Thurmond*, Judge.

REVERSED AND REMANDED.

*W. M. Williams, Gillespie & Conley* and *McBaine & Clark* for appellant.

(1) The answer does not set up or plead a license from W. B. Hunt to build the culverts and dispose of the water from the north side of the railroad in the manner adopted by the defendant company; neither is there any waiver or estoppel so pleaded. Such a defense was not available to the defendant in the absence of a pleading properly tendering such an issue. Plaintiff was entitled to know from the pleadings the issues to be tried and the defenses to be met. Bray v. Marshall, 75 Mo. 327; Noble v. Blout, 77 Mo. 235; Tyler v. Tyler, 78 Mo. App. 240; Alcorn v. Railroad, 108 Mo. 81. (2) The defendant was improperly permitted to introduce in evidence a plat or map for the purpose of showing the elevation of plaintiff's land at different points, the location and elevation of defendant's tracks with reference to said land, and other important particulars, without properly identifying said map and showing it to be correct. A map or plat to be admissible in evidence must be made by one having the requisite knowledge and must be properly authenticated. 9 Am. and Eng. Ency. Law (2 Ed.), 901; Williamson v. Railroad, 115 Mo. App. 76; 8 Ency. of Evid., p. 434; Stumpe v. Kopp, 201 Mo. 412; Threlkeld v. Railroad, 68 Mo. App. 127; Baustin v. Young, 152 Mo. 317; Smart v. Kansas City, 91 Mo. App. 586. (3) The court apparently proceeded upon an improper theory in its findings. Plaintiff, in order to be entitled to a recovery, was not bound to prove that more water flowed upon her land than would have gone there if the railroad had never been built. The drainage of the water on the north side of the railroad was obstructed by the embankment, and it became the duty of the defendant to construct and maintain suitable ditches and drains on that side of the roadbed to connect with the natural water courses so as to furnish an outlet

for this water, and not to gather it together and discharge it through culverts upon plaintiff's land on the other side of the track. Plaintiff is entitled to recover any damages sustained in consequence of the failure to maintain such ditches. 1 R. S. 1899, sec. 1110; Williamson v. Railroad, 115 Mo. App. 72; Cox v. Railroad, 174 Mo. 588; McFarland v. Railroad, 175 Mo. 422.

*Lee W. Hagerman* and *C. B. Sebastian* for respondent.

ELLISON, J.—This action was instituted to recover damages from defendant for overruling plaintiff's farming lands. The judgment in the trial court was for the defendant and plaintiff appealed.

It appears that plaintiff's deceased husband owned a large tract of land in Boone county in the Missouri river bottom and that defendant constructed its railroad over·such lands in an east and west course by raising an embankment upon which it laid its ties and rails, and that at certain places it constructed culverts under its track in order to let the water, from the bluffs on the north, flow towards the river in certain natural drains or creeks; through these culverts. But that by reason of the construction of its roadbed the water was so obstructed in its natural flow that it became necessary to construct ditches or drains, leading to natural drains or creeks whereby the water would have been led off in such way as not to injure the lands.

Afterwards plaintiff's husband died, and she was left a life estate in the lands, and she rented to tenants, agreeing to deduct from the rent whatever damages to crops by water resulted from defendant's improper maintenance of its track, culverts and drains. That there were overflows which did damage to her tenants, for which she was compelled to make allowance, she being damaged in the amount of such allowance, for which she brought this action.

It further appears that in the lifetime of plaintiff's deceased husband, he resided on that part of the land lying north of the track and that there was complaint by him of injury from the flow of the water and that thereupon defendant sent its section foreman, with men, to remedy the trouble by the construction of ditches. That plaintiff's husband and defendant's foreman differed as to how and where the ditches should be constructed and thereupon the work was done as plaintiff's husband contended it should be and he executed a written paper waiving any damage which should thereafter occur.

The foregoing is a sufficient general statement to make clear the point raised by plaintiff as a ground for reversal of the judgment. Defendant's answer was a general denial, and when he proposed to prove the foregoing waiver by plaintiff's husband, she objected on the ground that it should have been pleaded. The objection was overruled. We think the ruling was erroneous. [Bray v. Marshall, 75 Mo. 327; Tyler v. Tyler, 78 Mo. App. 240.]

Defendant insists that as the cause was tried before the court without a jury that no harm resulted. We cannot allow this; for it appears that plaintiff not only objected before the evidence was admitted, when the court stated the objection would be "overruled for the present," but she afterwards moved to strike out the evidence and she was again overruled and finally. We therefore must assume that the evidence had influence on the court's finding, and remand the cause for another trial.

As to other errors complained of, we will say that before the map of the grounds spoken of is introduced in evidence, it should be identified and doubtless will be on another trial.

We think, as it is stated by plaintiff's counsel, the construction of the flow of the water by the building of the railroad made it obligatory upon the defendant,

if practicable, to construct a ditch on the north side of its roadbed to carry off the water that accumulated there. [Sec. 3150, R. S. 1909; Williamson v. Railroad, 115 Mo. App. 72.]    The issue is as to the difference between the conditions as they existed at the time of the overflows and what they would have been with proper ditches and drains along the north side of the track, and not the difference between the conditions at the time of the overflows and what they would have been if no railroad had ever been built.

The judgment should be reversed and the cause remanded. All concur.