LOUIS BLOOMCHAMP, Administrator of the Estate of SOPHIA ZIMMERSCHIED, deceased, respondent, v. MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals. January 9, 1922.

1. **WRONGFUL DEATH: Negligence: Suit May be Maintained Against a Railroad for Death Due to Failure to Give Statutory Signals.** In an action for wrongful death where the negligence relied upon was a failure to give statutory signals, as required by section 9943, Revised Statutes 1919, which provided a penalty of twenty dollars for the violation thereof, a railroad may be sued and recovery had under section 4217, Revised Statutes 1919, as the failure to do the things required by section 9943, constitutes merely the basis for the negligence of the defendant, which must be shown under section 4217, before the penalty therein provided may be recovered.

2. **COURTS: Court of Appeals Bound by Constitutional Mandate to Follow Supreme Court's Construction of a Statute.** Where a statute has been construed by Supreme Court, the Court of Appeals is bound by constitutional mandate to follow the same.

3. INSTRUCTION: Death: Damages: In Determining Amount of Verdict, Jury May Consider Aggravating Circumstances, Though not Alleged in Petition. In an action for death under section 4217, Revised Statutes 1919, providing a penalty of not less than $2000, nor more than $10,000 in the discretion of the jury, where the petition did not plead any aggravating circumstances, an instruction that the jury in determining the amount to be awarded plaintiff, may take into consideration the aggravating or mitigating circumstances, if any, attending the negligence of the defendant was not erroneous.

4. COURTS: Court of Appeals Required to Follow Supreme Court En Banc in Preference to a Division Thereof. The Court of Appeals is required to follow the Supreme Court En Banc in preference to a division thereof.

5. INSTRUCTION: Appeal and Error: Defendant not Prejudiced by Refusal of Instruction where Case was not Submitted upon Assignment of Negligence Set Forth in Instruction. The trial court did not err in refusing to give an instruction on behalf of defendant telling the jury that it was not negligence for defendant to run its train over crossing at a high rate of speed and not to take such speed into consideration in fixing amount of damages, as plaintiff did not submit case upon any such assignment of negligence.

6. ———: Death: Aggravating Circumstances: Operation of Train Approaching Crossing at High Rate of Speed, Without Giving Statutory Signals, May be Considered as an Aggravating Circumstance in Awarding Damages for Death. It was not error to refuse an instruction withdrawing from jury aggravating circumstances surrounding the killing of the occupant of an automobile, struck by train at crossing, where the negligence charged was failure to give statutory signals, and the train approached crossing noiselessly at rate of 75 miles an hour as such facts could be considered by jury, in allowing damages as aggravating circumstances, although there is no statutory provision limiting the rate of speed of trains nearing country railroad crossings.

7. DAMAGES: Death: Recovery of Penalty for Death Cannot be Lessened by Recovery Thereof in Other Cases Brought for Death of Others Killed in Same Collision. Under section 4217, Revised Statutes 1919, a penalty may be recovered "for every such person . . . so dying, the sum of not less than two thousand dollars and not to exceed ten thousand dollars," in the discretion of the jury, and the defendant cannot, for the purpose of diminishing the damages, introduce the pleadings and verdict in other cases brought for damages for death of other persons killed in same

208 M. A.—30

collision, as the statute would be nullified if the jury upon such evidence were permitted to lessen the recovery in the case at bar by reason of recovery in case of another person or persons killed in the same collision.

8. ———: ———: **Jury Cannot Allow Less than Minimum Penalty as Damages for Death under Sec. 4217, R. S. 1919.** Under section 4217, Revised Statutes 1919, the only damages allowed for wrongful death is recovery of a penalty of from two thousand to ten thousand dollars, in the discretion of the jury, and if the jury find defendant negligent under the statute, the jury must inflict penalty of not less than two thousand dollars, as the discretion referred to in the statute is one that they exercise in fixing such damages at any sum between $2000 and $10,000.

9. **EVIDENCE: The Admission of Evidence Held not Erroneous in View of Other Uncontradicted Testimony.** Where there was evidence that at the time of the collision the train was coasting, not working steam, and made no noise, the admission of testimony as to noise of a coasting train, not working steam in approaching a crossing on a day when the weather and wind conditions were not shown to be the same as on the day of the collision, *held*, not erroneous in view of the uncontradicted evidence that train made no noise at time of collision.

10. **APPEAL AND ERROR: Matters not Preserved in Motion for New Trial not Subject to Review on Appeal.** The action of the court in making prejudicial remarks and in allowing counsel for plaintiff to make prejudicial remarks during progress of trial, is not subject to review, where not complained of nor preserved in the motion for new trial.

Appeal from the Circuit Court of Pettis County.—*Hon. H. B. Shain,* Judge.

AFFIRMED.

*Montgomery & Rucker* for respondent.

*C. D. Corum* for appellant.

BLAND, J.—This is an action for wrongful death. Plaintiff recovered a verdict and judgment in the sum of $3,000 and defendant has appealed.

The suit is brought by the administrator of Sophia Zimmerschied who was killed at defendant's railroad

crossing, a short distance from Otterville, in Cooper county, Missouri, on the 9th day of January, 1921. She was riding in the rear seat of an automobile being driven by her brother. One of defendant's trains running at the rate of seventy-five miles per hour struck the automobile at the crossing, killing the three occupants of the car. The negligence relied upon in the petition was the failure to give the statutory signals as provided in Section 9943, Revised Statutes 1919. There was ample evidence to show that neither the bell nor the whistle was sounded.

Defendant's first point is that the recovery is under Section 9943, Revised Statutes 1919, and as that section provides for a penalty of $20 for its violation, to be sued for by the prosecuting attorney, the penalty provided by Section 4217, Revised Statutes 1919, may not be recovered but only the penalty provided for in Section 9943. The case is brought under section 4217 and the failure to do the things required by section 9943 constitutes merely the basis for the negligence of the defendant which must be shown under section 4217 before the penalty therein provided may be recovered. This point is not new but the law was long ago settled by the Supreme Court against the contention of the defendant. [Crumpley v. Hannibal & St. J. Ry. Co., 98 Mo. 34; Kenney v. Hannibal & St. J. Ry. Co., 105 Mo. 270, 291.] We cannot with profit review the reasoning by which the Supreme Court reached its conclusion in reference to this matter as we are bound by constitutional mandate to follow that court. The cases cited were decided at the time the statute provided for a penalty of $5,000 but the statute has since been changed so as to provide a penalty of not less than two thousand nor more than ten thousand dollars in the discretion of the jury. Since the change in the statute there has been doubt as to whether the amount between $2,000 and $10,000 is to be assessed as a penalty or as compensatory damages. However, prior to the amendment there was no question but that the $5,000 to be recovered was

strictly a penalty and the Supreme Court in the case of Grier v. K. C., C. C. & St. J. Ry. Co., 228 S. W. 454, made certain the controversy mentioned by deciding that the whole recovery provided for was penal and no part of it compensatory damages.

It is insisted that the court erred in giving the following instruction on behalf of plaintiff—

"The court instructs you, the jury, that if you find for the plaintiff, you should find for a sum of not less than $2,000 and not more than $10,000 in the discretion of the jury, and in determining the amount, if any, which you will award the plaintiff, you may take into consideration the facts constituting the negligence, if any, on the part of the defendant causing the death of the said Sophia Zimmerschied, including the aggravating or mitigating circumstances, if any, attending such negligence as is shown by the evidence."

It is said that this instruction is erroneous for the reason that the petition does not plead nor is there any proof of aggravating circumstances. This instruction is substantially the same as the one given in the case of Grier v. K. C., C. C. & St. J. Ry. Co., supra. In that case there was no plea of aggravating circumstances and the instruction complained of in this case is substantially the same as the one given in that case. In the Grier case there was no evidence of pecuniary loss but there was evidence of aggravating circumstances. The court in that case at page 460, stated—

"In accordance with the views herein expressed, we are of the opinion, and so hold, that under the pleading and evidence in this case the trial court properly instructed the jury that in determining the amount of plaintiff's award they might take into consideration 'the facts constituting the negligence, if any, on the part of the defendant causing the death of said Ralph W. Grier, including the aggravating circumstances, if any, attending such negligence as is shown by the evidence.' "

On the authority of the Grier case we must rule this contention against the defendant.

It is true that in the case of Lackey v. United Rys.
Co., 231 S. W. 956, Division No. 2, of the Supreme Court
held that although evidence of pecuniary loss may be
admitted for the purpose of furnishing the jury with
information upon which to base their verdict, in order
that *pecuniary loss* may be shown it must be pleaded.
Of course, a division of the Supreme court cannot over-
rule the court In Banc.   [State ex rel. v. Reynolds, 278
Mo. 554.]   We think that the Grier and Lackey cases
may be harmonized.   In the Grier case at page 459,
Commissioner Ragland states that—

"   .   .   .   the acts or omissions constituting negli-
gence, or evidencing criminal intent, with their attend-
ant circumstances, would probably unavoidably be
brought to the knowledge of the jury in the effort to es-
tablish liability and would be considered by them in that
connection; and, if the jury without other direction, were
merely told to assess as a penalty a sum not less than
$2,000, and not exceeding $10,000, in their discretion, in
making the assessment they would inevitably and neces-
sarily, and just as properly, take these same facts into
account as they would were they fixing the punishment
in a prosecution for a purely criminal offense."

It would seem then that the aggravating circum-
stances, if any, surrounding the killing would necessarily
be considered by the jury in cases of this kind, and, there-
fore, there is no necessity of its being pleaded.   At least,
the effect of the holding in the Grier case is that ag-
gravating circumstances need not be pleaded.   On the
other hand, the pecuniary loss suffered by those men-
tioned in the death statute would not necessarily come
before the jury in a trial of the case.   If there is any
distinction to be drawn between the aggravating circum-
stances attending a death and the pecuniary loss caused
thereby, it would seem that this is the difference.   How-
ever, we are required to follow the Supreme Court In
Banc in preference to a division thereof, and as the
Grier case approves the giving of an instruction of this
kind where aggravating circumstances are not pleaded,

we are required to approve the instruction given in the case at bar.

It is insisted that the court erred in refusing to give an instruction on behalf of the defendant telling the jury that it was not negligence for the defendant to run its train over the crossing at a high rate of speed, and not to take such speed into consideration in fixing the amount of damages. Plaintiff did not submit his case upon any such assignment of negligence and, therefore, defendant was not prejudiced by the refusal of the instruction. [Brooks v. Harris, 207 S. W. 293.] If the instruction was intended to withdraw from the consideration of the jury the aggravating circumstances surrounding the killing, which, we think, included the high rate of speed at which the train was going, then it was not error to refuse it on that ground. The undisputed evidence shows that neither the fireman nor the engineer knew anything about the accident until the train reached the next town, some miles distant. The engineer said that he did not see the crossing on account of the curve in the railroad track where it approached the point of collision and the obstruction to his view caused by the boiler. The fireman could have seen the crossing but he was putting coal in the fire box as the train approached the crossing, so neither saw it. The evidence is that the train was coasting and not working steam and approached the crossing noiselessly, going at the rate of seventy-five miles per hour. One of the witnesses who saw the train approach said that he did not hear it and did not know of its presence until he saw it. While there is no statutory provision limiting the rate of speed of trains nearing a country railroad crossing, to approach the crossing in question at the rate of speed shown under the circumstances present without giving the statutory signal, was aggravating circumstances surrounding the killing and none of such circumstances should have been withdrawn from the jury.

It appears that $2,000 had been recovered on account of the death of Jane Zimmerschied and $6500 on

account of the death of Carl Zimmerschied, both of these persons were killed in the same collision. Defendant for the purpose of "diminution or mitigation of damages in this case," sought to introduce the pleadings, verdicts and judgments in those cases. This offer was excluded and defendant now complains. We think that the offer was properly refused. This case is not like the case of McFarland v. Railway, 175 Mo. 422, cited by the defendant. The statute under which this case was brought, Section 4217, Revised Statutes 1919, provides the recovery of a penalty "for every such person . . . so dying, the sum of not less than two thousand dollars and not to exceed ten thousand dollars, in the discretion of the jury." The provision of the statute providing that recovery may be had *"for every such person . . . so dying"* would be nullified to an extent if the jury were permitted to lessen the recovery for the death of one of such persons killed by reason of a recovery in the case of another person or persons killed in the same collision. The jury might lessen the recovery in a given case to a very material extent. We cannot construe the statute to mean this in view of its terms.

It is insisted that the court erred in giving plaintiff's instruction No. 2, which submitted the facts necessary for plaintiff to recover and told the jury that if they found such facts "then their verdict must be for the plaintiff." It is insisted that as section 4217 provides for the recovery of a penalty, that the words "in the discretion of the jury" appearing therein gives the jury the discretion to say whether any penalty at all may be inflicted. We think there is no merit in this contention. Of course, at common law where both compensatory and penal damages are recoverable, the awarding of punitive damages lies wholly within the discretion of the jury. This was all that was held in the Grier case, pp. 459, 460. However, there is only one kind of damages that may be awarded under this statute and that is punitive damages. If the jury find the defendant negligent as provided by section 4217, they must inflict a penalty

of not less than $2000. The discretion that the statute refers to is one that they exercise in fixing such damages at any sum between $2,000 and $10,000. [Grier v. K. C., C. C. & St. J. Ry. Co., supra, l. c. 457; Lackey v. United Rys Co., supra, l. c. 962.]

It is insisted that the court erred in permitting witness Mrs. E. A. W. Schupp to testify that she went to the scene of the collision some days after it occurred, and listened for the noise that a coasting train, not working steam, would make in approaching the crossing. Defendant objected to the testimony because the weather and wind conditions were not shown to be the same. If this testimony was erroneous, it was immaterially so for the reason that the witness had already testified that she was with her husband and approaching near the crossing at the time of the killing and that the train made no noise at that time. Her husband testified that at the time of the collision the train was coasting, not working steam, and made no noise. So the testimony of Mrs. Schupp was merely cumulative. It was uncontradicted and although it may not have been proper to admit it, the conditions not having been shown to have been the same at the time she made her experiments with the time of the collision, the admission was not materially erroneous. [O'Keefe v. United Rys. Co., 124 Mo. App. 613, 624.] It is true that there is evidence of the sounding of the whistle and an inference to be drawn from the testimony introduced by the defendant that the bell was being rung at the time of the collision. However, there is no conflict in the testimony in regard to the fact that the train could not have been heard by persons nearing the crossing, approaching as it was, unless the bell was rung or the whistle sounded at the time, and the experiments made by Mrs. Schupp were only to discover whether the train could be heard under the circumstances testified to if no bell or whistle was being given. She testified that when she made her experiments the train whistled and she could hear that but otherwise there was no noise such as could be heard.

Therefore, as to the matters about which she testified over defendant's objection, there was no contradiction in the evidence as there is no evidence that the train could have been heard by persons on the public road approaching the crossing if no bell or whistle was sounded.

It is insisted that "the court erred in making prejudicial remarks and in allowing counsel for plaintiff to make prejudicial remarks during the trial of the case." Nothing in reference to the matter complained of is preserved in the motion for a new trial and, therefore, it is not subject to review by us. [Coffey v. City of Carthage, 200 Mo. 616, 629.]

The judgment is affirmed. All concur.