GOODRIDGE *et al.* v. UNION PAC. RY. CO.

(*Circuit Court, D. Colorado.* May 12, 1888.)

1. **LIMITATION OF ACTIONS—FOR PENALTY—RAILROAD COMPANIES.**

Laws Colo. 1885, c. 273, § 9, p. 310, authorizing the person injured by unjust discrimination in the matter of freight charges, etc., on the part of a railroad company in that state, to recover a penalty in the amount of three times the actual damages, is a penal statute; and an action under that section to recover such penalty for an unreasonable exaction of freight is barred in one year, under Gen. St. Colo. 1883, § 2170, providing that "all actions for any penalty * * * brought by * * * any person to whom the penalty is given, * * * shall be commenced within one year next after the offense is committed."

2. **SAME.**

A complaint against a railroad company under Laws Colo. 1885, c. 273, § 9, p. 310, to recover the penalty denounced thereby for an unjust exaction of freight, alleged that the company posted its schedule, and that plaintiff, believing that that schedule was uniform for all persons, paid the rate charged therein, but that, as a matter of fact, the company took freight from another person 40 cents a ton less than what plaintiff paid. *Held*, on demurrer, that no concealment by the company was shown, and that the action was barred under Gen. St. Colo. § 2170, within one year from the time the offense was committed, and not within one year from the time the discrimination was discovered.

3. **COMMON CARRIERS OF GOODS—DISCRIMINATION—PLEADING.**

A count in a complaint against a railroad company to recover for unjust discrimination, irrespective of the penalty imposed by Laws Colo. 1885, c. 273, § 9, p. 310, averred that plaintiff paid one dollar per ton; that the company charged a corporation, naming it, only 60 cents per ton, and that "such charge to plaintiff for such transportation services were and are unjust, unreasonable, and extortionate." *Held*, on demurrer, that the complaint was good; it not being incumbent on plaintiff to show what was a reasonable charge.

4. **PLEADING—COMPLAINT—RAILROAD COMPANIES.**

In Colorado the common-law count for money had and received is good on demurrer to complaint in an action against a railroad company to recover for unjust discrimination in freight charges.

At Law. On demurrer to the complaint.

*Sampson & Millett,* for plaintiff.

*Teller & Orahood,* for defendant.

BREWER, J. This complaint is in three counts. The first seeks to recover the triple damages given by section 9, c. 273, Acts 1885, p. 310; the second seeks to recover damages for an unreasonable exaction of freight; and the third is the old common-law count for money had and received. Two cases involving somewhat similar questions were presented to my brother HALLETT, and decided in April last.

One objection made to the first count is that it is ambiguous and uncertain, in that it fails to state when these freight charges paid by the plaintiffs were paid; that is, it alleges that they were paid between October, 1885, and August, 1887, not specifying any particular month or year in which they were paid; and it is insisted that section 8 of the statute of limitations bars all actions of this nature unless brought within one year from the time the cause of action accrued; and hence, as it is uncertain how much of this bulk of freight charges was paid within the year, the complaint is uncertain. That depends upon two questions,—first, whether this is an action for a penalty, and, if so, whether section 8 applies to an action of this nature. My brother HALLETT, in his opinion, without deciding, intimated that he thought said section 9 was a remedial, as contradistinguished from a penal, statute. I cannot agree with that. It is plainly, under the decision of the supreme court as well as the rules of the common law, a penal statute; and this is an action to recover the penalty. The statute forbids unjust discriminations, and then section 9 gives triple damages in case of such unjust discrimination. The section is headed "penalty," and the party injured is authorized to recover three times the actual damage. Now, this excess above the actual damage is something imposed as a penalty upon a railroad company for doing that which by a former section of the statute is forbidden. A remedial statute is one which simply furnishes a new remedy, or makes a more perfect remedy than existed before; so that the party injured under the new statute may more effectually secure full compensation for the injury which he has suffered. A penal statute is one which, while it may secure actual compensation, goes beyond and punishes the wrong-doer for the wrong he has done; and it matters not that none of the penalty goes to the state, and that all goes to the party injured. Statutes are very frequent in all states—and it is in the exercise of the police power of the state that they are passed—which, giving full compensation, say, in addition, that the wrong-doer shall forfeit or pay double, triple damages, or a fixed sum or penalty, for the wrong he has done. If I had any doubt upon that proposition it would be settled by the case of *Railroad Co.* v. *Humes*, 115 U. S. 512, 6 Sup. Ct. Rep. 110, in which was considered a statute of Missouri, which gave to a party double damages in case its cattle were injured by a railroad whose track was not fenced. That statute is like this. There the cattle of Humes were injured, and he was entitled to recover double damages. Here the party who is wronged by unjust discrimination is allowed to recover triple damages. All goes in this case to the party injured; all went in that case to the party injured. It was held that that action was brought under a penal statute,—was an action for a penalty.—that the additional damages were

by way of punishment to the company for its negligence, and that it was not a valid objection that the sufferer, instead of the state, received them. The mode in which fines and penalties shall be imposed, whether at the suit of a private party or at the suit of the public, what disposition shall be made of the amounts collected, are matters of legislative discretion. The opinion discusses the matter at some length, clearly showing what, I think, outside of and independent of that decision, would be plain,— that an action of this kind is an action to recover a penalty.

The statute of limitations provides, (section 8:)[1]

"All actions and suits for any penalty or forfeiture of any penal statute brought by this state, or any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year next after the offense is committed, and not after that time."

Here the whole penalty is given to the party, and comes within the plain letter of that section.

It is further insisted that, where there is concealment of a wrong, that the time during which such concealment runs is not to be included within the statutes. The cause of action dates from the time the wrong is discovered. Be that as it may, it will not avail in this case, for there is no allegation of concealment. The complaint alleges that the defendant posted its schedule, and that the plaintiff, believing that that schedule was uniform for all persons, paid a rate of one dollar per ton. Now, that is very far from alleging that the railroad company concealed its wrong. *Non constat* but everybody except the plaintiffs knew that the Marshall Coal Company was receiving a rate of sixty cents. Perhaps the published reports of the company disclosed it; perhaps the plaintiffs never made any inquiry. So, whatever might be the rule, if there was a distinct allegation in this count that the defendants had concealed the fact of this unjust discrimination, the complaint, as it stands, fails to show concealment, and therefore the demurrer to that count will be sustained.

The second count is to recover for an unjust discrimination, irrespective of the statute. In that count it is averred that the plaintiffs paid one dollar per ton; that the defendant charged the Marshall Coal Company only sixty cents; and then the count goes on and avers in general language that "such charges to plaintiffs for such transportation service were and are unreasonable, unjust, and extortionate." Now, I think that is enough. A simple allegation that the plaintiffs were charged a dollar a ton and that they had paid that amount, and that those charges were unreasonable and extortionate, states a good cause of action. It may not follow, as a conclusion from that, that the difference between sixty cents and one dollar is the measure of damages; that may depend upon other considerations; but if the charges which the defendant exacted from the plaintiffs were unreasonable and extortionate, the plaintiffs are entitled to at least nominal damages. I do not understand in a complaint of this kind, at least as against any objection raised by demurrer, that it can be said that it was the duty of the plaintiff to show what was a reasonable charge,

---

[1] Gen. St. Colo. 1883, § 2170.

or to aver what it would have cost the railroad company to transport the coal, or what would have been a reasonable interest on the money invested in the railroad enterprise; those are matters of evidence. It is true the language is general; but I think, as against an objection raised by demurrer, the language is sufficient.

The third count is simply the common-law count for money had and received. I presume that such a count is good in Colorado, as it is most anywhere else, under the Code, as against any objection that can be raised by demurrer.

The demurrer to the second and third counts will be overruled.