# DEE BROWN, Respondent, v. QUINCY, OMAHA and KANSAS CITY RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, November 5, 1917.

1. **NEGLIGENCE: Stock Killed on Track:- Pleading: Common Law and Statutory Negligence.** Where there are two causes of action embraced in one count for the killing of a cow on a railroad track, one for negligently failing to maintain a proper and reasonably safe cattleguard as required by the statute and one at Common Law charging that the cow strayed upon the railroad track where it was not fenced and the railway employees negligently and carelessly ran over said cow and the evidence is sufficient to support the verdict of the jury, the judgment thereon will not be disturbed.

2. **RAILROADS: Damages from Back Water and Overflow: Statute of Limitations.** A cause of action for damages for overflow and backwater caused by a railroad embankment which accrued within five and more than three years before the institution of suit is not barred by the three year Statute of Limitations (Sec. 1890, R. S. 1909), as that statute is both penal and remedial and the cause of action, being placed safely under the remedial part thereof, is controlled by the five year period of the statute (sec. 1889, R. S. 1909).

3. **JUDGMENTS: Several Counts: New Trial.** A judgment, in a case involving several counts, may be reversed and carry with it a count found on appeal to be properly decided and that the verdict on such count will stand without retrial of that count, and when the entire case is finally determined, a judgment on that count may be entered.

4. **RAILROADS: Damages from Overflow and Backwater: Assignability of Causes of Action.** Claims for damages due to overflow and back water caused by a railroad embankment are assignable.

5. ——: Constitutional Questions: Should be First Raised in Trial Court. Constitutional questions injected into a case for the first time after a rehearing is granted in the appellate court are raised too late. Such questions should be first raised in the trial court.

6. ——: Instructions: Ambiguity of Instructions. An instruction, which while not intended, is so worded that it might be taken to mean that if *any* of the overflows were caused by the negligence of the railroad the jury should find for plaintiff on all of them, is erroneous.

Appeal from Grundy Circuit Court.— *Hon. G. W. Wana-maker,* Judge.

REVERSED AND REMANDED.

*J. G. Trimble* and *Hall & Hall* for appellant.

*Platt, Hubble & George H. Hubble* for respondent.

BLAND, J.—Plaintiff brought two actions against defendant. The first consists of a petition in six counts; the second, a petition in four counts. These petitions were consolidated and tried as one action. All the causes of action except the first were assigned to plaintiff. The judgment was for plaintiff on all the counts.

The first count is for killing plaintiff's cow. This embraces two causes of action, one for negligently failing to maintain a proper and reasonably safe cattle guard as required by statute, which "thereby caused the killing of one red, white-faced cow," whereby he was damaged in the sum of sixty ($60) dollars. The second cause is at common law and alleged that the "cow walked and strayed onto the defendant's track where the same was not fenced and defendant, by its servants, negligently and carelessly ran its engine and cars over said cow, and negligently and carelessly struck and killed said cow," whereby he was damaged in the sum of sixty dollars.

The remaining five counts of the first petition and the four counts of the second petitions are for overflows, or backing up of water onto the lots of plaintiff's assignor; one count for each year from 1907 to 1915 inclusive.

It seems that plaintiff's assignor (who is his father) owned two lots in the village of Brimson in Grundy county. The counts are founded on the allegations that there runs through the lots a small branch (dry except after rains) which is a natural drainage for a small district in that vicinity. But that defendant so constructed its roadbed and embankment as to dam the water below the lots and cause it to "back up" and overflow the lots, doing damage to grass, chickens, eggs, etc. The allega-

tions are that defendant negligently failed to put in and
maintain openings through and across its right of way and
roadbed so that there would be a sufficient outllet and
drain to carry off the water of the branch and other sur-
face water, but left the same so as to be dammed up by
such railroad bed. That but for such negligent failure
the surface water and that collected in the branch would
have found its natural flow without injury to plaintiff's
assignor as it had before defendant's road was built.
Each overflow count contains a proper allegation of
an assignment to plaintiff.

All of the overflow counts are based on section 3150,
Revised Statutes 1909, though only three of them ask judg-
ment for the two hundred dollars penalty provided for
in such statute, and plaintiff's instructions confined his
recovery to damages without the addition of the penalty
of two hundred ($200) dollars allowed by that statute.

The objection that the first count for killing the cow
is defective in that it joins both statutory negligence as to
the cattle guard and common-law negligence must be
overruled. [White v. Railroad, 202 Mo. 539, 560, 561.]
We are of the opinion that there was evidence under that
count upon which the verdict of the jury may be sup-
ported.

The action as to the overflow is conceded to be
brought under the statute. That statute makes it the duty
of the railway company to provide drains along the sides
of its tracks and suitable openings through the roadbed
to afford sufficient outlet for surface waters wherever the
drainage has been obstructed by the construction of the
road. The statute provides that any railway company
"failing to comply with the provisions of this section
shall incur a penalty not to exceed two hundred dollars
and be liable for all damages done by said neglect of
duty, and each neglect of duty shall be a separate of-
fense."

The cause of action accrued on all the counts within
five years before the institution of the action, but three
of them accrued more than three years before bringing
the action. Defendant pleaded against the latter the Stat-

ute of Limitations (section 1890, R. S. 1909) barring certain actions within three years. It reads: ". . . . Second, an action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the State." Defendant's claim is that the statute is penal.

Our opinion is that the statute is both penal and remedial. Each action is separately provided for. The remedial portion is for the sole benefit of the party aggrieved, and, as has been decided by the Supreme Court (Skinner v. Railroad, 254 Mo. 228) the penal part for the School fund. There may be a remedial clause and a penal clause in the same section of a statute, and in such case each may receive the construction which its class may demand. [Endlich on Interpretation of Statutes, sec. 332; 2 Lewis' Sutherland Statutory Construction, sec. 532; Huntington v. Attrill, 146 U. S. 657, 667.] So the appropriate part of the Statute of Limitations should be applied to each clause. The three year statute above quoted has been held to apply to an action for double damages against a railroad for killing stock. [Revelle v. Railroad, 74 Mo. 438.] But that was on the ground that the statute in allowing double damages was penal, while we have seen that that part of the section upon which this action is based is only remedial. There is another part of the section imposing double damages for injury resulting from failure to clean, burn and remove from the right of way, twice a year, all dead vegetation, so as to prevent spread of fires; but that part is distinct from the duty and liability as to drainage, and a failure to discharge the latter duty does not authorize double damages.

A part of defendant's argument is based on McFarland v. Railroad, 175 Mo. 422, wherein it is held that the penalty of two hundred dollars prescribed in this statute, as well as the damages, is recoverable by and payable to the injured party; and hence it is claimed that since both damages and the penalty go to the party aggrieved, as in stock cases where no fences had been built (Gorman v. Railroad, 26 Mo. 441; Barnett v. Railroad, 68 Mo. 56), the three years limitation for penal actions applies. But the .

McFarland case is overruled in Skinner v. Railroad, supra, wherein, as we have stated, it was decided the penalty went to the school fund, and hence defendant's point is left without support.

Besides, even if the penalty of two hundred dollars prescribed in the statute here involved was recoverable by the aggrieved party along with his damages, yet the right would not rest on the same ground with the penalty in double damage stock cases prescribed for failure to fence. There is no common-law obligation resting on a railway company to fence its tracks and the action arises solely on the statute; but there is a common-law action against one who gathers the surface water and floods his neighbor. In such cases where the statute gives the same right as existed at common law, and merely increases the damages by adding a penalty payable to the party aggrieved, it is not a penal statute. [Ellis v. Whitlock, 10 Mo. 781, 783.] And is not governed by the Statute of Limitations as to penal actions. [Hall v. Hall, 112 Maine, 234; City of Atlanta v. Chattanooga Foundry, 127 Fed. 23, 29; Meeker & Co. v. Lehigh Valley R. R., 236 U. S. 412, 423.]

Having determined that the statute in one part is penal, but in another separate and distinct part is remedial; and having shown that as the penalty goes to the school fund, plaintiff can have no interest in the penal part, it must follow that his action is where he placed it at the trial, solely under the remedial part, not limited by the Statute of Limitations as to penalties but controlled by the five year period of that statute. [Sec. 1889, R. S. 1909.]

There is this additional phase presented in plaintiff's case: In three counts he asked the imposition of the penalty part of the statute, but disclaimed it at the trial. We assume the reason he abandoned the claim was that he learned the Supreme Court had overruled McFarland v. Railroad, wherein he was given a right to such penalty by deciding, in Skinner v. Railroad, that he had not such right. We think a plaintiff in such case may abandon an untenable, separable and distinct part of his claim without harm to the proper part.

The verdict and judgment as to the first count for killing the cow is approved as there is no longer any controversy in reference to the same.

It seems that on the authority of Scott v. Realty Co., 241 Mo. 112, 122, a judgment in a case involving several counts may be reversed and carry with it a count found on appeal to be properly decided and that the verdict on such count will stand without retrial of that count, and when the entire case is finally determined, a judgment on that count may then be entered for the plaintiff.

Defendant insists that the action could not be assigned. We think the point not well made. Such rights of action have been held to be assignable since Snyder v. Railroad, 86 Mo. 613; Remmers v. Remmers, 217 Mo. 541; Coffman v. Railroad, 183 Mo. App. 622. An action for trespass for cutting timber in which treble damages were sought was held assignable. [Chouteau v. Boughton, 100 Mo. 406, 410.]

The constitutional question attempted to be injected into the case by defendant after the granting of the rehearing herein, is raised for the first time too late. If the statute sued on is unconstitutional, that point could have been raised in the lower court.

We think defendant's criticism of plaintiff's instruction No. 4 concerning the counts for overflows, on the ground of ambiguity and liability to mislead is well taken. While it was, of course, not intended, yet the instruction is so worded that it might be taken to mean that if *any* of the overflows were caused by defendant's negligence the jury should find for plaintiff on all of them.

Instruction No. 7 is faulty. After reciting that plaintiff "is not entitled to have the damage done assessed twice, but would be entitled to have it assessed once." it continues thus: "that is to say, if the jury find for plaintiff you will assess such damages on each count, according to the measure," etc. That might well be

taken to mean that if the jury found for plaintiff at all, they would assess damages on each count.

The judgment will be reversed and the cause remanded. All concur.