CHAPMAN ADDISS, *ET ALS.*, PLAINTIFFS-RESPONDENTS, v. LOGAN CORPORATION, A CORPORATION OF THE STATE OF DELAWARE, DEFENDANT-APPELLANT.

Argued December 20, 1956—Decided January 14, 1957.

*Mr. Donald G. Davis* argued the cause for the defendant-appellant.

*Mr. Albert L. Kessler* argued the cause for the plaintiffs-respondents (*Messrs. Ard & Barbieri,* attorneys).

The opinion of the court was delivered by

BURLING, J.  The eight plaintiffs instituted suit in the Union County District Court to recover a statutory penalty for rental overcharges, *N. J. S.* 2A:42–38.  A single complaint was filed and the various counts incorporated therein set forth the individual grievance of each plaintiff.  Practically all issues of fact were disposed of by stipulation, and judgment was eventually entered against defendant.  An appeal and cross-appeal were taken from the judgment to the Superior Court, Appellate Division, and we have certified the cause prior to a review below.

The legal issues raised at the trial related to the constitutionality of the Rent Control Act of 1953, as amended by *L.* 1954, *c.* 260 and whether the two-year limitation of action on penal statutes contained in *N. J. S.* 2A:14–10 was applicable to the instant suit.

The district court rejected the constitutional contention on the basis of *Jamouneau v. Harner,* 16 *N. J.* 500 (1954) (which concerned the Rent Control Act of 1953 prior to amendment), and also held that because the recovery sought by the plaintiffs pursuant to *N. J. S.* 2A:42–38 amounted to a forfeiture upon a penal statute within the meaning of *N. J. S.* 2A:14–10(*b*) there could be no recovery based on overcharges taking place more than two years prior to the

commencement of the instant action on May 2, 1956. Additionally, the court, after hearing and disposing of the entire case, entered an order of severance which had the effect of requiring each plaintiff to pay a filing fee. These costs were taxed to defendant.

On this appeal the defendant presents a question of jurisdiction of the court below, see *Donnelly v. Ritzendollar*, 14 *N. J.* 96 (1953), and raises the issue of constitutionality as well as attacking the order of severance. Plaintiffs' cross-appeal concerns the applicability of the two-year limitation of *N. J. S.* 2A :14–10(b).

That the county district court had jurisdiction to enter the judgment is clear beyond doubt. *L.* 1953, *c.* 216, *sec.* 25 (*N. J. S.* 2A :42–38) provided a jurisdictional basis. *Friedman v. Podell*, 21 *N. J.* 100, 106 (1956). This statute was amended by *L.* 1956, *c.* 76, and now provides:

"Any landlord who shall violate any provision of this act, or of any order of a county rent control agency, or of a county rent control review board made pursuant to this act, shall forfeit to his tenant a sum equal to 3 times the amount of any rent received by him from his tenant in excess of the lawful base rental and of any rent increase allowed by the county rent control agency, county rent control review board, or by the court, but not in excess of 1 year's lawful rent, to be recovered in an action in the county district court. Every such action may be brought in a summary manner and shall be heard by the court without a jury. *Any such action must be commenced within 1 year next after the accrual of the right thereto or be barred thereafter. Where the right to commence any such action has heretofore accrued and has not been barred, an action may be brought within the time remaining for the bringing of such action under the law heretofore applicable or within 1 year from the effective date of this amendatory act whichever is shorter.* Judgment may be rendered for any amount which is found to be due to the tenant under the provisions of this section." (The provisions emphasized indicate the effect of *L.* 1956, *c.* 76.)

The action here was commenced in May 1956; the State Rent Control Act expired on June 30, 1956 (*N. J. S.* 2A :42–51) ; *L.* 1956, *c.* 76, above noted, became effective June 7, 1956; the instant judgments were entered in July 1956. Defendant takes the position that plaintiffs' actions were instituted in reliance upon *N. J. S.* 2A :42–38 prior

to amendment and that the respective claims must be decided in accordance with the law existing at that time. Because that law expired prior to the entry of the judgments it is said that the court was without jurisdiction. Further, it is argued that the amendment of *N. J. S.* 2*A*:42–38 by *L.* 1956, *c.* 76, is not applicable to rights existing and brought to suit prior to its enactment, for it cannot be given a "retro-active" effect.

A jurisdictional question might be presented if we were not faced with the enactment of *L.* 1956, *c.* 76. See *State v. Village of Passaic,* 36 *N. J. L.* 382 (*Sup. Ct.* 1873). The 1956 amendment expressly concerns rights "heretofore accrued," a factor which obviously negates the unrealistic suggestion that the Legislature intended the enactment to apply only to those instances of unlawful rental overcharges upon which suit had not been initiated prior to June 7, 1956 (the date of the amendment) and violations arising before the expiration of controls on June 30, 1956. The suggested hypothesis would permit persons who brought their actions after the date of the amendment to recover judgments while those who instituted suit before that date would be denied recovery on jurisdictional grounds unless judgment were entered prior to the expiration of rent controls on June 30, 1956. Arbitrary and fanciful results have no place in statutory interpretation. *Aviation Services v. Board of Adjustment of Hanover Tp.,* 20 *N. J.* 275, 283 (1956). Indeed, the 1956 amendment provides a policy remedial to persons in defendant's position as a landlord for it requires all actions on the statutory penalty arising under the Rent Control Act to be instituted not later than June 7, 1957. Existent rights are preserved from the expiratory date line of June 30, 1956. Compare *Richman v. Ligham,* 22 *N. J.* 40 (1956).

■■ The Rent Control Act of 1953 was amended and supplemented by *L.* 1954, *c.* 260. The latter enactment provided, *inter alia,* that only those municipalities which on December 20, 1954 were operating under rent control by virtue of an existing resolution to that effect were subject to

the act. Municipalities were free to rescind these resolutions at any time but could not thereafter reinstate controls. *N. J. S.* 2*A* :42–54. Defendant argues that this presents a completely arbitrary basis for the operation of controls in municipalities throughout the State and thereby violates *N. J. Const.* 1947, *Art.* IV, *Sec.* VII, *par.* 7, which prohibits the passage of a general law embracing any provision of a private, special or local character.

Neither the premise nor conclusion have merit. The 1953 legislation enabled a municipality to adopt, rescind, and readopt controls. *L.* 1953, *c.* 216, *secs.* 28, 29 (*N. J. S.* 2*A* :42–41, 42); *Jamouneau v. Harner, supra,* 16 *N. J.,* at *page* 517, where Justice Heher commented that "this would seem to be an eminently practical way of covering the areas of the State in need of rent control, and thus to avoid state-wide control in excess of the need and the attendant risks of going beyond the reasonable limits of the power." The 1954 amendment retained this feature of adaptability according to the need which was upheld against constitutional attack in the *Jamouneau* case, but it foreclosed those municipalities which prior to December 20, 1954 or thereafter removed controls to re-establish them. *N. J. S.* 2*A* :42–54. Defendant's contention could only become meaningful from the standpoint of a municipality which desired to re-establish controls but was precluded from doing so by the statute, and it is axiomatic that defendant has neither the standing nor the intimate concern necessary to make an excursion into the issue, a point all the more obvious because in essence the argument is a denial of equal protection of the laws. Further, the 1954 enactment applied generally to all those municipalities which, on December 20, 1954, found the need for controls to exist; it treated all such municipalities alike and thus it was of general application within a given class. *General Public Loan Corp. v. Director of Div. of Taxation,* 13 *N. J.* 393, 402 (1953). There was no arbitrary inclusion or exclusion of which defendant may complain. And for the same reason the contention that by placing the regulation of rent control in the hands of a board or commission selected

by the county board of freeholders (*N. J. S.* 2*A*:42–23, 24) the legislation violated *Art.* IV, *Sec.* VII, *par.* 9(12) of the 1947 *Constitution* which precludes the Legislature from passing any *private or local* laws appointing local officers or commissions to regulate municipal affairs is equally without merit. The purpose of the cited constitutional provision, as stated in *Bucino v. Malone*, 12 *N. J.* 330, 341–342 (1953), was "to put an end to the undesirable practice whereby a municipality was governed by a law applicable to it alone, enacted by persons having no particular interest in the locality and having no constituency living within its bounds to whom they were accountable for sanction," a rationale completely inapplicable in the present instance because the rent control law was not special or local in character.

■ Plaintiffs urge upon their cross-appeal that the trial court erroneously limited their recovery of treble damages to rental overcharges occurring within a two-year period prior to commencement of the action. The holding in this regard was based upon *N. J. S.* 2*A*:14–10 which provides, *inter alia:*

"All actions at law brought for any forfeiture upon any penal statute made or to be made, shall be commenced within the periods of time herein prescribed:
\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*
b. Within 2 years next after the offense committed or to be committed against the statute, or cause of action accrued, when the benefit of the forfeiture and the action therefor is or shall be limited or given to the party aggrieved; \*　\*　\*."

The argument is that the State Rent Control Act is not a penal statute, hence the limitation does not apply.

The statutory penalty of *N. J. S.* 2*A*:42–38 is both remedial and penal, a factor inferentially recognized in *Friedman v. Podell, supra. Cf. Ryan v. Motor Credit Co., Inc.,* 130 *N. J. Eq.* 531 (*Ch.* 1941) affirmed 132 *N. J. Eq.* 398 (*E. & A.* 1942). The tenant recovers the measure of unlawful rental extracted and by statutory direction is the recipient of the punitive award. The total recovery is arbitrarily computed; it takes cognizance of the actual loss

only as a base. According to the statutory direction the landlord "forfeits" an amount three times that base. This operates as a sanction. True, it is largely a wrong to the individual but excessive rental charges also impugn the statutory purpose of stabilizing rentals in emergency areas and thus incidentally wrong the public. Compare *Cruickshanks v. Eak*, 33 *N. J. Super.* 285 (*Law Div.* 1954). A further point why the court below was correct in applying the limitation is the desire to prevent actions such as this, having penal characteristics, from being unlimited. See *Boswell v. Robinson*, 33 *N. J. L.* 273 (*Sup. Ct.* 1869); *Borough of Fair Lawn v. Fairlawn Transportation, Inc.*, 25 *N. J. Misc.* 331 (*Sup. Ct.* 1947). But *cf. Shelton Electric Co. v. Victor Talking Mach. Co.*, 277 *F.* 433 (*D. C. N. J.* 1922). We concur in the conclusion that the two-year limitation of *N. J. S.* 2*A* :14–10(*b*) was applicable to the plaintiffs' causes of action.

■ A single complaint was filed, the parties stipulated nearly all the essential facts, and the various grievances were tried at the same time. Nevertheless, after the trial court expressed his conclusions an order for severance was entered at the instance of the court. The thought was that *R. R.* 4:43–1 (concerning consolidation of actions) required a severance because the actions did not arise out of the same transaction, occurrences or series of transactions or occurrences. But here all parties consented to the concurrent disposition and the severance served only the purpose of gaining additional revenue through filing fees. This court is opposed to unnecessarily burdening the cost of litigation. Our endeavor has been to seek methods to alleviate that burden, not to further encumber it. This attitude is to be reflected throughout our courts, from the municipal to the appellate level.

The judgment is affirmed. The cross-appeals are dismissed. The order for severance is vacated. The cause will be remanded for adjustment of the taxed costs in the Union County District Court. No costs will be taxed on the principal or cross appeals. The Clerk of the Superior

Court is directed to refund all filing fees exceeding the cost of one appeal and one cross-appeal to the parties so entitled. A copy of the mandate is also to be lodged with the Clerk of the Superior Court.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and WEINTRAUB—7.

*For reversal*—None.