## No. C-988

### E. Ray Carlson v. William P. McCoy

(566 P.2d 1073)

Decided July 25, 1977.

Goldsmith, Fleischman & Karet, P.C., Ira M. Karet, for petitioner.

Dale E. Johnson, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

We granted certiorari to review the district court's affirmance of an award by the county court of treble damages and attorney's fees for a landlord's improper retention of a security deposit. Since we hold that portions of the award were barred by a one year statute of limitations, we reverse.

The landlord, who was the defendant below, and the tenant, plaintiff below, entered into a lease agreement on May 13, 1971, and pursuant to that agreement the landlord received a security deposit of $150. Although the lease terminated on March 31, 1972, the landlord neither returned the deposit nor offered a written explanation of his actions. Over three years

later, on June 2, 1975, the tenant commenced this suit to recover damages.

Section 38-12-103, C.R.S. 1973, which became effective on July 1, 1971, provides that a landlord must, within thirty days of the termination of a leasehold, either return any deposit which he holds as security or provide written notice of any reasons for its retention. Failure to comply renders the landlord liable for damages of three times the amount of the deposit and for attorney's fees. It is not contended by the landlord that he complied with this statute. Rather, he argues (1) that the tenant's claim is barred by the statute of limitations, and (2) that since section 38-12-103, C.R.S. 1973, became effective after the creation of the leasehold, its application in this case constitutes a retroactive impairment of contract.

## I.

Colorado law provides various statutes of limitation whose application depends upon the nature of the particular cause of action. In order to determine which of these various statutes of limitation applies here, it becomes necessary to resolve whether the relief afforded by the security deposit statute is remedial or penal in nature. While section 13-80-110(1)(d), C.R.S. 1973, establishes a six year limitation on remedial actions of "assumpsit, or on the case founded on any contract or liability, express or implied;", a one year limitation is provided by section 13-80-104, C.R.S. 1973, for "[a]ll actions and suits for any penalty or forfeiture of any penal statute, . . ."

The classification of actions for purposes of statutes of limitation has been a source of confusion to courts over the years. *Compare Chattanooga Foundry & Pipe Works v. Atlanta*, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241 (1906) (Clayton Act treble damages provision not controlled by federal statute of limitations involving a "suit or prosecution for any penalty or forfeiture") *with Gordon v. Loew's, Inc.*, 247 F.2d 451 (3d Cir. 1957) (Clayton Act treble damages action barred by New Jersey statute of limitations involving penal statutes). This confusion is compounded when statutes contain both penal and remedial elements. In such a case it may be proper to separate those elements and apply the appropriate statutory limitation to each. *See Brown v. Quincy O. & K.C.R. Co.*, 198 Mo. App. 71, 199 S.W. 707 (1917); *Cummings v. Board of Education*, 190 Okla. 533, 125 P.2d 989 (1942). *See also Abell v. Bishop*, 86 Mont. 478, 284 P. 525 (1930).

Our security deposit law is both penal and remedial in nature. As we have indicated in the past, the increased damages provided by this statute serve a punitive purpose, *see Turner v. Lyon*, 189 Colo. 234, 539 P.2d 1241 (1975), and we have held that statutes which impose penalties in excess of actual damage are penal for purposes of the statute of limitations. *See Denning v. A. D. Wilson*, 137 Colo. 372, 326 P.2d 77 (1958); *Atchison, Topeka & Santa Fe R.R. v. Tanner*, 19 Colo. 559, 36 P. 541 (1894); *Goodridge v. Union Pacific Ry. Co.*, 35 F. 35 (Cir. Ct. D. Colo.

1888). *See also Addiss v. Logan Corp.*, 23 N.J. 142, 128 A.2d 462 (1957). While such damages may actually go to an individual, it is the public interest which is being served through the deterrent effect of those damages. *See Addiss v. Logan, supra.*

■ The recovery of the actual amount of the deposit is, however, remedial, and is in the nature of an action of assumpsit for money wrongfully withheld. *See Reyer v. Blaisdell*, 26 Colo. App. 387, 143 P. 385 (1914). Thus, the right of recovery of the deposit, and the award of attorney's fees which helps to vindicate that right, act not as punishment for the public good, but as redress for private wrongs.

■ We therefore hold that in this statutory remedy the treble damages provision of section 38-12-103, C.R.S. 1973, is governed by the one year statute of limitations. The recovery of the actual security deposit and the award of attorney's fees, however, are limited by our six year statute of limitations.[1]

## II.

■ Although the parties entered into the lease agreement involved in this case prior to the effective date of section 38-12-103, C.R.S. 1973, the matter with which the statute deals is the willful retention of a security deposit following the termination of a lease. Those events occurred subsequent to the enactment of the statute. Thus, application of the statute does not violate Article II, section 11, of the Colorado Constitution since it is not being applied to circumstances which existed prior to its passage, *see Moore v. Chalmers-Galloway Live Stock Co.*, 90 Colo. 548, 10 P.2d 950 (1932), nor are basic contractual rights of the parties affected. There is, at most, a permissible modification of remedies. *Titus v. Titus*, 96 Colo. 191, 41 P.2d 244 (1935); *Moore v. Chalmers-Galloway Live Stock Co., supra.*

The judgment of the district court is reversed and the cause remanded with directions to proceed in consonance with the views expressed herein.

MR. JUSTICE ERICKSON does not participate.

---

[1]Since the elements of this claim are specifically embraced in section 13-80-104 and 13-80-110, C.R.S. 1973, the provisions of 13-80-107, C.R.S. 1973 do not apply.