Robert JONES and Barbara Jones, on their own behalf and on behalf of their daughter, Gretchen Jones, a Minor, Plaintiffs–Appellants,

v.

HARDING GLASS COMPANY, INC., a Missouri Corporation, Bill Stephens and Everett Young, Defendants–Appellees.

No. 79CA1092.

Colorado Court of Appeals, Div. I.

July 3, 1980.

Rehearing Denied July 31, 1980.

Certiorari Granted Nov. 24, 1980.

Russell E. Vigil, Denver, for plaintiffs–appellants.

Cooke, Gilles & Schaefer, Elwyn F. Schaefer, Denver and DeMoulin, Anderson, Campbell & Laugesen, J. Kent Miller, Denver, for defendants–appellees.

COYTE, Judge.

Plaintiffs appeal from a judgment of the trial court granting summary judgment in favor of defendants and dismissing plaintiffs' claim for punitive damages. We reverse and remand the cause to the trial court.

The minor plaintiff was injured in an accident. Her complaint for damages was filed more than one year after the accident and included a claim for exemplary damages. The prayer of the complaint also requested an award for exemplary damages.

Defendants' amended answer includes the defense that the exemplary damages claim is barred by the one year statute of limitations, § 13–80–104, C.R.S.1973. Based upon this statute, defendants filed a motion for summary judgment. The court held that there was no dispute as to any material fact and that plaintiffs' second claim for relief for exemplary damages was barred by the statute of limitations.

The one year statute of limitations contained in § 13–80–104 C.R.S.1973, reads as follows:

"All actions and suits for any penalty or forfeiture of any penal statute, brought by this state or any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year after the offense is committed and not after that time."

Since it is admitted that this action was not commenced within one year after the accident, the applicability of § 13–80–104,

C.R.S.1973, depends upon whether the action involved is one brought to enforce a penalty or forfeiture.

Plaintiffs' claim for exemplary damages is based upon § 13–21–102, C.R.S.1973, which provides as follows:

"In all civil actions in which damages are assessed by a jury for a wrong done to the person, or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages."

█ Plaintiffs' claim for exemplary damages is dependent upon the underlying tort claim. As stated in *McDowell v. Union Mutual Life Ins. Co.*, 404 F.Supp. 136 (C.D. Cal.1975): "The nature of the right sued upon, not the form of action or the relief demanded, determines the applicability of the statute of limitations." Thus, plaintiffs' claim for exemplary damages is not a suit or action for a penalty or forfeiture, and § 13–80–104, C.R.S.1973, is inapplicable as a bar to that claim. *See Dorney v. Harris*, 482 F.Supp. 323 (D.Colo.1980).

Defendants' reliance upon *Carlson v. McCoy*, 193 Colo. 391, 566 P.2d 1073 (1977) is misplaced. There, the court was presented with the question of whether the one year limitation in § 13–80–104, C.R.S.1973, barred an action for treble damages brought pursuant to § 38–12–103, C.R.S. 1973, the Colorado Security Deposit Law. The *Carlson* court did state that:

"statutes which impose penalties in excess of actual damages are penal for purposes of the statute of limitations."

However, in contrast to the instant case, *Carlson* was based solely on a statute which mandates the recovery of a penalty. Here, § 13–21–102, C.R.S.1973, does nothing more than authorize a claim for punitive damages when the underlying tort claim is attended by the enumerated circumstances. Thus the court erred in granting summary judgment.

█ When the trial court dismissed the claim for exemplary damages it entered a C.R.C.P. 54(b) order. In considering whether the C.R.C.P. 54(b) order could be entered in this case, *i. e.* whether the order constituted a final judgment for purpose of this appeal, attention must be given to the legal effect of the order. *See Levine v. Empire Savings*, 192 Colo. 188, 557 P.2d 386 (1976). The legal effect of the order is to prevent plaintiff from pursuing his claim for punitive damages. We conclude that the order was a final judgment for the purpose of meeting the requirements of a C.R.C.P. 54(b) order.

The judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.

KIRSHBAUM, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting:

This is a personal injury action in which plaintiffs are asking for compensatory and punitive damages. The issues of liability and compensatory damages have not been decided; however, defendants' motion for summary judgment denying plaintiffs any entitlement to punitive damages has been granted. On November 30, 1979, the trial court entered a C.R.C.P. 54(b) order. Plaintiffs appeal the summary judgment.

I disagree with the majority in its decision on the merits. I regard *Carlson v. McCoy*, 193 Colo. 391, 566 P.2d 1073 (1977) as dispositive of the issue and, therefore, would hold that, to recover punitive damages, the personal injury action had to have been commenced within the year after the accident occurred.

However, in my view this court lacks jurisdiction to decide the case on its merits. As stated by the majority, "Plaintiffs' claim for exemplary damages is dependent upon the underlying tort claim." Therefore, since neither liability nor compensatory damages have been decided, the C.R.C.P. 54(b) order was improperly entered. The summary judgment was merely interlocuto-

ry and not a final appealable judgment, *Ball Corp. v. Loran*, Colo.App., 596 P.2d 412 (1979); *see Trans Central Airlines v. Peter J. McBreen & Associates, Inc.*, 31 Colo.App. 71, 497 P.2d 1033 (1972), and the appeal should be dismissed.