COLORADO PETROLEUM PRODUCTS COMPANY, Plaintiff-Appellant,

v.

HUSKY OIL COMPANY, Defendant-Appellee.

No. 10–28.

Temporary Emergency Court of Appeals.

Submitted on the Briefs.

Decided March 16, 1981.

Theodore H. Merriam, Dimmana, Edlund, Ciancio & Jackson, Denver, Colo., on brief, for plaintiff-appellant.

Jeffrey A. Burt and Andre M. Reiman, Arnold & Porter, Washington, D. C. and Karl F. Anuta, Husky Oil Co., Denver, Colo., on brief, for defendant-appellee.

Before CHRISTENSEN, DUNIWAY and ZIRPOLI, Judges.

PER CURIAM.

■ The determinative issue presented on this appeal is whether a Colorado statute of limitations applies to bar this private damage action under the Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note, and the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. §§ 751 *et seq.*, as appellee maintains and the trial court held, or whether, as appellant contends, the action is governed by the five-year federal limitations statute, 28 U.S.C. § 2462, for the "enforcement of any civil fine, penalty, or forfeiture." We reject the latter contention and summarily affirm the judgment of the trial court, concluding, as it held, that our decision in *Ashland Oil Co. v. Union Oil Co.*, 567 F.2d 984 (Em.App.1977), *cert. denied*, 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83 (1978), is controlling. *See also Shell Oil Co. v. Nelson Oil Co.*, 627 F.2d 228, 236 (Em.App.1980).

The significant facts are not in dispute. The appellant as purchaser of petroleum products and the appellee as seller had entered into an agreement providing that if the appellant paid the full amount of sales charged within ten days of billing it would receive a one percent discount off invoice prices. This "early payment discount" was in effect from October, 1971, through September 12, 1973, when appellee discontinued the discount for a period of more than 14 months, to appellant's claimed damage in the sum of $8,551.69. The withheld discount was reinstated by appellee on November 27, 1974.

On February 21, 1979, appellant filed in the district court a complaint alleging that

the alteration of credit terms constituted a violation of the EPAA and regulations issued thereunder and that it was entitled to recover three times the amount of the "overcharge" pursuant to section 210(b) of the ESA.[1] The trial court granted summary judgment in reliance upon *Ashland*. It apparently held that since all transactions were in Colorado, the two-year bar of Colo. Rev.Stat. § 13–80–106 applied.[2] Appellant substantially conceded in the court below, and makes no contrary contention here, that any separate federal claim for actual damages would have been barred.[3]

▆ In *Ashland*, we reiterated the general rule that courts apply the most analogous state statute of limitations when the relevant federal statute provides no period of limitations. Exception is made only where application of the state statute of limitations would frustrate either national public policy or the federal statutory scheme. *Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977); *cf. Board of Regents of Univ. of N. Y. v. Tomanio*, 446 U.S. 478, 489–92, 100 S.Ct. 1790, 1797–99, 64 L.Ed.2d 440 (1981). We concluded in *Ashland* that California's one-year period of limitations for treble damages claims did not create any such frustration. We see no difference in principle between the bar to the treble damages claim applied in *Ashland* and the bar applied here under Colorado law. The respective periods of limitations were not critically disparate.[4] That the difference in the factual contexts of the respective actions is not significant is demonstrated by *Shell Oil*

1. Appellant had also filed pendent contract claims under state law that were dismissed without prejudice by the court below in view of the failure of the federal claim. Subject to its contentions as to the federal claim, appellant does not question here this disposition of the state law claims.

2. All actions upon a liability created by a federal statute, other than for a forfeiture or penalty for which actions no period of limitations is provided in such statute, shall be commenced within two years or the period specified for comparable actions arising under Colorado law, whichever is longer, after the cause of action accrues.

    This subsection must be considered in the light of § 13–80–104, which provides:

    All actions and suits for any penalty or forfeiture of any penal statute, brought by this state or any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year after the offense is committed and not after that time.

    In its oral decision the district court inadvertently referred to section "13–801–16," apparently intending to cite § 13–80–106.

3. Counsel for appellant there stated:

    As far as the first claim, the substantive compensatory claim under the Economic Stabilization Act, I am afraid that probably is Colorado's two-year standard because again there is no federal statute of limitations for the Economic Stabilization Act. And I think you do probably have to look at the Colorado law there, which is Section 15–80–106 [sic]. It is two years for the federal statute. And I have looked for [a] comparable Colorado statute that is longer, and I just wouldn't feel comfortable arguing up here with what I have found on that. But I think what we

have got is the compensatory claim surviving under the second and third claims for relief, and the treble damages surviving under the first claim for relief under the five-year federal penalties statute.

Transcript of Motions Hearing (October 1, 1980) at 21–22.

4. This is not to say that statutory variations among the states and state court interpretations may not mark the difference between the survival or bar of such federal actions as the present one. But there has been no suggestion here that another applicable state statute could distinguish this case from *Ashland*. Whether viewed as one governed by the two-year state statute applicable to claims arising under federal statutes (Colo.Rev.Stat. § 13–80–106), as one for a "penalty or forfeiture" barred in one year by § 13–80–104, as one for breach of contract of sale governed by the three-year provision of § 4–2–725, or as one subject to the three-year residuary provision of § 13–80–108(1)(b), the time would have run. We are mindful that *Zuniga v. Amfac Foods, Inc.*, 580 F.2d 380 (10th Cir. 1978), not cited by either party, as well as *Carlson v. McCoy*, 193 Colo. 391, 566 P.2d 1073 (1977), both involving fact and policy considerations essentially different than those of the present case, applied Colorado's six-year statute governing most "actions of assumpsit, or on the case." Colo.Rev.Stat. § 13–80–110(1)(d),–110(1)(g). We need not strain for similarities. It is elementary that an issue raised for the first time on appeal will not be considered by a reviewing court. Not only was the theory of a six-year limitations period for the federal claim not presented to the district court, but it has not been urged here.

*Company v. Nelson Oil Company, supra,* which involved a claim that a refiner unlawfully changed its credit terms, as does the present one.

■ Only one arguably new element has been interjected into the present case: the contention that even though the Colorado statute of limitations would bar plaintiff's federal claim for compensatory damages, the claim for the trebling of such damages survived by reason of the five-year statute of limitations provided by 28 U.S.C. § 2462, as an "action, suit, or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise." While under Colorado law a claim for treble damages is a "penalty" claim governed by Colo. Rev.Stat. § 13–80–104, *Carlson v. McCoy,* 193 Colo. 391, 566 P.2d 1073 (1977), the "penalties" referred to in 28 U.S.C. § 2462 are neither applicable nor analogous to the treble damages provision of the EPAA. *See, e. g., Chattanooga Foundry & Pipe Works v. City of Atlanta,* 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241 (1906) (cited in *Ashland* ); *Bertha Building Corp. v. National Theatres Corp.,* 269 F.2d 785 (2d Cir. 1959), *cert. denied,* 361 U.S. 960, 80 S.Ct. 585, 4 L.Ed.2d 542 (1960). *See also Huntington v. Attrill,* 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892).

The appellees timely interposed a motion to affirm in reliance upon *Ashland.* We withheld ruling, pending filing of the record and completion of briefing in harmony with Rule 26(d) of this court.

Convinced that the critical issue before us is governed by our prior decisions and believing that oral argument would not be helpful, we now grant appellee's motion to affirm.

AFFIRMED.