David S. KELLERMYER, and Kellermyer's, Inc., Appellants,

v.

BLUE FLAME GAS CORP., Tenneco Oil Co., Appellees.

No. 5–120.

Temporary Emergency Court of Appeals.

Argued May 15, 1986.

Decided July 8, 1986.

Rehearing Denied Sept. 2, 1986.

984

Jack P. Caolo, Michael Caolo & Associates, Inc., Dallas, Tex., Ginger Lew, Stovall, Spradlin, Armstrong & Israel, Washington, D.C., and Terrence William Ackert, Ackert & Wiser, Orlando, Fla., were on brief, for the appellants.

Lloyd D. Cunningham, Reynolds, Allen & Cook, Houston, Tex., and Alfred B. Smith, Jr. and Allan Brain, Tenneco Oil Co., Houston, Tex., were on brief, for appellees.

Before JAMESON, DAUGHERTY, and WESLEY E. BROWN, Judges.

DAUGHERTY, Judge.

The Appellants' cause of action in this case arises under Section 210 of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note (ESA), as incorporated into the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. 751, *et seq.* (EPAA). In this appeal the Appellants allege error by the District Court in applying the four year Texas statute of limitations to their cause of action and in not finding that Defendants have waived limitations or were estopped to assert that Plaintiffs' action was untimely brought.

## LIMITATIONS

■ Neither Section 210 of the ESA nor the EPAA provides for a specific limitations period. It is the general rule that in the absence of a limitations period in the federal statute in question, the courts will apply the most analogous state law of limitations. *DelCostello v. International Brotherhood of Teamsters, et al.,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Ashland Oil Company of California v. Union Oil Company of California,* 567 F.2d 984 (TECA 1977), *cert. denied,* 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83 (1978); *Siegel Oil Company v. Gulf Oil Corporation,* 701 F.2d 149 (TECA 1983); *Colorado Petroleum Products Company v. Husky Oil Company,* 646 F.2d 555 (TECA 1981); *Gulf Oil Corporation v. Dyke,* 734 F.2d 797 (TECA), *cert. denied,* 469 U.S. 852, 105 S.Ct. 173, 83 L.Ed.2d 108 (1984).

■ The Appellants in this case contend, however, that first, the District Court should have applied the Indiana fifteen year statute of limitations rather than the Texas four year statute, and on appeal also take the alternative position that no state statute of limitations should be applied to their cause of action because it is equitable in nature; and Appellants should therefore be allowed to pursue their complaint in the absence of laches. The Appellants rely on the cases of *Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946) and *Citronelle-Mobile Gathering, Inc. v. Edwards,* 669 F.2d 717 (TECA 1982), *cert. denied,* 459 U.S. 877, 103 S.Ct. 172, 74 L.Ed.2d 141 (1982) to support this proposition. The Appellants are correct in their assertion that the TECA Court in *Citronelle, supra,* refused to apply a state limitations period to a Section 209 action for restitution. Restitution is considered to be an equitable cause of action, and "suits to enforce equitable rights created by federal law are not subject to state statutes of limitations." *Citronelle, supra,* at 721, quoting *Holmberg, supra.*

■ Though we accept the Appellants' reading of *Citronelle, supra,* we disagree

that the case should be applied to the case at bar. The fundamental distinction between *Citronelle* and this case is that the Appellants' cause of action arises, as above stated, under Section 210, whereas *Citronelle* arose under Section 209. Section 210 does not speak in terms of restitution as does Section 209. On the contrary, Section 210 provides a cause of action for *damages*. It is beyond dispute that a suit for damages is legal, not equitable. Thus, a specific limitations period should be applied in this Section 210 case rather than the equitable doctrine of laches. The TECA cases arising under Section 210 support this proposition, in that the court has consistently applied a state's limitations period to the action in question. *Ashland Oil Company of California v. Union Oil Company of California, supra; Siegel v. Gulf, supra; Colorado Petroleum Products v. Husky, supra; Gulf Oil Corporation v. Dyke, supra.*

■ Because we have determined that the Appellants' cause of action is one at law rather than equity, we now must decide which state's statute of limitations should be applied. The Appellants contend that the District Court erred in applying the four year limitations period of Texas to their cause of action. They assert that the more appropriate statute is the fifteen year period provided by Indiana, in that Indiana had more contacts with this litigation than the forum state of Texas.[1] The Appellants claim that this "most significant relationship" test is the correct standard under both Texas law and the relevant TECA decisions. While this contention is correct

in regard to *substantive* issues, the application of a statute of limitations is considered to be a *procedural* matter, and thus the general rule is that the law of the forum state should be applied.

■ Though in a legal cause of action it is normally appropriate to apply the forum state's statute of limitations, there is an important additional consideration when a federal statute is the basis for the cause of action. In such a case, the Court must scrutinize the limitation period in order to ensure that by its use the purpose behind the federal cause of action would not be frustrated either because the state limitations period is too long or too short. "State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies ... State limitations periods will not be borrowed if their application would be inconsistent with the underlying policies of the federal statute." *Occidental Life Insurance v. EEOC,* 432 U.S. 355, 367, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977).

■ This Court has repeatedly stated that it is one of the goals of the national energy policy "to wind up regulation of the oil industry ..." *Johnson Oil Co. v. DOE,* 690 F.2d 191 (TECA 1982) at 196. See also *Ashland, supra; Siegel, supra.* We believe that the four year statute applied by the District Court would not frustrate the national energy policy.[2] Plaintiffs' counsel acknowledged this in oral arguments be-

---

1. On October 1, 1974, Appellants had entered into a written contract with Appellees to market and distribute Appellees' products in and around Defiance, Ohio. One of the Appellants was an Ohio resident and the other an Ohio corporation. The contract was executed in Appellees' office in Indiana. On November 5, 1978, Appellants brought an action in the United States District Court for the Northern District of Indiana, alleging the same claims set forth in the instant case. A stipulation of dismissal was filed on January 17, 1983, to allow Appellants to pursue administrative remedies through the DOE. Pursuant to a consent order in an action instituted by the DOE, Appellees made a pay-

ment to the DOE for distribution to claimants as restitution for alleged violations by Appellees. Appellants pursued their claim and were granted $5,668.85, plus interest on March 10, 1983. On September 28, 1984, Appellants filed this action in Texas.

2. Appellants in this appeal do not question the four year statute being the most analogous of the Texas statute of limitations or when it accrued nor do they claim the four year period of the statute has been tolled by fraudulent concealment or anything else that would allow tolling of the statute.

fore this Court. The Appellants' contention that a fifteen year statute of limitations would be more appropriate than a four year period is clearly erroneous. Such a lengthy period would be much more likely to frustrate the clearly expressed goals of the federal statute than would the more restrictive four year statute of Texas.

We affirm the District Court's application of the four year limitations statute of the forum state in this legal action brought under Section 210.

## WAIVER AND ESTOPPEL

The Appellants also contend that, regardless of which state's statute of limitations is applied, the limitations period should not be applied due to certain alleged conduct on the part of the Appellees. They allege that the Appellees should be found to have waived a statute of limitations, or should be estopped from asserting a statute of limitations against the Appellants. Although similar in result, waiver and estoppel are two distinct concepts and thus will be treated separately.

■ Waiver is commonly defined as the intentional or voluntary relinquishment of a known right. The Appellants claim that the Appellees waived the future application of a statute of limitations by implication in the stipulation of dismissal without prejudice entered by the parties to voluntarily dismiss the previous Section 210 Indiana case involving the same parties. The Appellants assert that it was somehow understood that the Appellees had agreed thereby to waive the future application of a limitations period. But there is no such proviso in the stipulation of dismissal signed by the parties. Though a valid waiver would not necessarily require a written agreement, there must be clear proof that such an agreement was in fact reached. It has been stated that the facts and circumstances relied upon to prove such a claim must be unequivocal in character. 28 AMJur2d § 174. Aside from the stipulation of dismissal, Appellants have only come forward with the subjective impression on the part of their counsel in the Indiana case that the limitations period was being waived. But Appellees specifically deny any such waiver or even a discussion thereof. We therefore hold that, as a matter of law, the Appellants have failed to assert a waiver of the statute of limitations in the future by the Appellees by their reliance on the Indiana stipulation of dismissal and the subjective impression of their attorney in the Indiana case.

■ In the same vein, the Appellants argue that the Appellees should be estopped from asserting a statute of limitations against them in this case. The doctrine of estoppel would require that the Appellants were misled to their prejudice by the Appellees into dismissing the Indiana action when such a dismissal was not in fact necessary in order for the Appellants to pursue administrative remedies against the public fund obtained in a Section 209 proceeding. Appellants, however, did not come forward with anything to support an estoppel before the District Court. Appellees deny misleading Appellants in any way and point to their letter and verified application for a continuance, in both of which they only agree, regarding the Indiana stipulation of dismissal, that they will not oppose the timely appeal by Appellants to the appropriate court of the final administrative action of DOE in the Subpart V proceeding—not eschew the defense of limitations in a future Section 210 action. Moreover, in arguments before this appellate court, counsel for the Appellants was asked directly if anyone representing the Appellees had advised the Appellants that dismissal of the Indiana Section 210 case was necessary in order for Appellants to pursue administrative action against the Section 209 public fund. Counsel for the Appellants responded in the negative. Therefore, we hold that Appellants as a matter of law have failed to support their claim of estoppel and such claim was properly denied.

AFFIRMED.