**LOUISIANA LAND & EXPLORATION CO.**

v.

**UNOCAL CORPORATION.**

Civ. A. No. 93–1540.

United States District Court, E.D. Louisiana.

Aug. 22, 1994.

Donald Woodward Doyle, John Y. Pearce, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, LA, for plaintiff.

Patrick Wise Gray, Liskow & Lewis, Lafayette, LA, Thomas C. McKowen, IV, Strain, Dennis, Ellis, Mayhall & Bates, Baton Rouge, LA, for defendant.

## ORDER AND REASONS

CLEMENT, District Judge.

Unocal Corporation (Unocal) has moved this Court for a determination that federal common law applies to its counterclaim against Louisiana Land & Exploration Company (LL & E) for restitution of a percentage of a settlement it paid to the Department of Energy in 1985 for overcharges for certain crude oil. LL & E contends that under the recent Supreme Court decision *O'Melveny & Myers v. FDIC*, — U.S. —, 114 S.Ct. 2048, 129 L.Ed.2d 67 (1994), state law should apply. For the reasons discussed below, the Court finds Unocal's analysis persuasive and will apply federal common law to its counterclaim for restitution. This Court disagrees with Unocal about the content of the federal common law, and finds that Unocal's counterclaim is not barred by the state statute of limitations.

## I. Applicability of Federal Common Law

The Supreme Court recently affirmed the longstanding principle that cases in which a special federal rule should be created are " 'few and restricted,' limited to situations where there is a 'significant conflict between some federal policy or interest and

the use of state law.'" *O'Melveny & Myers v. FDIC,* —— U.S. ——, ——, 114 S.Ct. 2048, 2055, 129 L.Ed.2d 67 (1994), citing *Wheeldin v. Wheeler,* 373 U.S. 647, 651, 83 S.Ct. 1441, 1445, 10 L.Ed.2d 605 (1963) and *Wallis v. Pan American Petroleum Corp.,* 384 U.S. 63, 68, 86 S.Ct. 1301, 1304, 16 L.Ed.2d 369 (1966). *See also Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 640, 101 S.Ct. 2061, 2067, 68 L.Ed.2d 500 (1981) (federal courts may create a federal rule of decision in certain narrow instances "in which a federal rule of decision is 'necessary to protect uniquely federal interests'"). Thus the question before this Court is whether the issues involved in Unocal's counterclaim present a potential conflict between a federal interest and the use of state law or implicate "uniquely federal interests."

Federal courts in the past have considered this issue and have uniformly held that federal common law should apply to claims for restitution, both by the government and by private operators, resulting from overcharges by oil producers under the Economic Stabilization Act of 1970 and the Emergency Petroleum Allocation Act of 1973.

The first significant federal rule on this issue was created by the Temporary Emergency Court of Appeals in *Sauder v. Dep't of Energy,* 648 F.2d 1341 (Temp.Emer.Ct.App.1981). In *Sauder,* plaintiff, the sole operator and part-owner of several leases, challenged the Department of Energy's policy of collecting overcharged amounts only from the operator, rather than collecting them from all owners who benefitted from the overcharge. The Court ruled that, as a matter of federal law, "it is within the agency's authority to order an owner-operator in Sauder's position to make restitution of the total overcharge." *Id.* at 1349. This was particularly true because Sauder had not shown that he would be "unable to recover from the other property owners." *Id.* This rule first enunciated in *Sauder* came to be known as the "operator liability doctrine." *In re Dep't of Energy Stripper Well Exemption Litigation v. Mobil Oil Corp.,* 968 F.2d 27, 33 (Temp.Emer.Ct.App.1992).

Several federal courts since *Sauder* have held without reservation that the federal interests involved in the issues surrounding Unocal's counterclaim, namely enforcement of the Economic Stabilization Act of 1970 and the Emergency Petroleum Allocation Act, necessitate the creation and application of federal common law. *See, e.g., In re Dep't of Energy Stripper Well Exemption Litigation,* 968 F.2d 27, 35 (Temp.Emer.Ct.App.1992) ("we ... find that Congress has given the federal district court the broad equitable power to develop a federal common law of restitution, and also that such a federal common law is necessary to protect the uniquely federal interests involved in petroleum price controls"); *United States v. Exxon Corp.,* 561 F.Supp. 816, 849 (D.D.C.1983) (holding Exxon responsible for all overcharges under the rationale of *Sauder*); *Exxon Corp. v. Jarvis Christian College,* 746 F.Supp. 652, 655 (E.D.Tex.1989) (holding that "to disallow Exxon to maintain an action for reimbursement from [other] interest owners would thwart the purposes of petroleum price regulations").

Given this precedent, the Court finds that federal common law applies and supplies Unocal with a cause of action for its claim for restitution.

## II. Content of Federal Common Law

▮ As discussed above, it has been established that federal common law will govern defendant's counterclaim in this case. However, the parties also dispute the content of that federal law. Plaintiff LL & E asserts that

UNOCAL argues that federal common law must be applied because the authorities it relies on somehow stand for the proposition that if the DOE recovers from the operator, then the operator automatically is entitled to receive restitution from the nonoperator. UNOCAL's suggestion is fatally flawed because there simply is no federal policy that the operator should always win.

▮ Opposition to Unocal's Motion for Determination of Legal Standard to Apply to its Counterclaim at 3. LL & E is correct that there is no federal policy that the operator

should always win. Federal common law provides not that the operator is automatically entitled to full restitution, but rather that it has a cause of action for restitution. *See, e.g., Exxon Corp. v. Jarvis Christian College,* 746 F.Supp. at 655. Once the operator has asserted this cause of action, other interest owners have the opportunity to raise affirmative defenses such as breach of contract by the operator. *Id.*

The Court finds that the "reasonably prudent operator standard" described by Unocal has not been sufficiently established to become part of federal common law. As LL & E notes, this standard has apparently been applied only once, in an unreported district court opinion from the Eastern District of Texas. In using such a standard, the Court established "little more than the law of that case." Opposition to Unocal's Motion at 4. This Court obviously is not prepared to render summary judgment on the issue of liability at this time.

## III. Statute of Limitations

Unocal argues that, since federal common law creates the cause of action upon which its counterclaim rests, the principle that "state statutes of limitation should not be applied in equitable proceedings," *In re Dept. of Energy Stripper Well Exemption Litigation,* 968 F.2d at 33, governs. Alternatively, it argues that the claim is based on a theory of contractual recovery to which the Court should apply Louisiana's ten-year liberative prescriptive period found in Louisiana Civil Code article 3499. LL & E argues that the Court should treat this claim as an open account under Louisiana Civil Code art. 3494(4), resulting in a three-year prescriptive period. The Court finds that suits to enforce equitable rights created by federal law, such as the present case, are not subject to state statutes of limitations, even when brought by private parties. *See Kellermyer v. Blue Flame Gas Corp.,* 797 F.2d 983, 984 (Temp. Emer.Ct.App.1986); *Citronelle–Mobile Gathering, Inc. v. Edwards,* 669 F.2d 717, 721 (Temp.Emer.Ct.App.1982). This claim is not barred by the state statute of limitations.

## Conclusion

In sum, the Court finds that (1) federal common law governs the question of whether Unocal has a cause of action for restitution against LL & E; (2) the "reasonably prudent operator standard" is not a part of this federal common law; and (3) Unocal's counterclaim is not barred by the state statute of limitations.