234 N.J. Super. 418 (1988)
560 A.2d 1295
STATE OF NEW JERSEY, PLAINTIFF,
v.
RICHARD KUKLINSKI, DEFENDANT.
Superior Court of New Jersey, Law Division Bergen County.
Decided March 17, 1988.
*419 Robert J. Carroll, Deputy Attorney General, for the plaintiff.
Neal M. Frank, Senior Trial Attorney, for the defendant.
KUECHENMEISTER, J.S.C.
The question for decision  and, apparently one of first impression  is whether Richard L. Kuklinski can be an "enterprise" and also simultaneously be the person "employed by" or "associated with" such enterprise. Very few cases have come down from the New Jersey courts interpreting our racketeering statute. Since our statute is based upon the Federal Racketeer Influenced and Corrupt Organizations Act (RICO), guidance is found in the federal courts.
Review of the sufficiency of an indictment is an issue of law. State v. New Jersey Trade Waste Association, 96 N.J. 8 (1984). The basis for defendant's motion to dismiss the RICO count is the failure of the prosecution to sufficiently allege facts demonstrating that the "person" culpable under RICO is distinct and apart from the "enterprise." In other words, the defendant argues that the indictment is deficient because it apparently casts Richard Kuklinski as both the "enterprise" and the "person" liable.
Under the New Jersey Racketeering statute it is "unlawful for any person employed by or associated with any enterprise engaged in or activities of which affect trade or commerce to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." N.J.S.A. 2C:41-2(c). The statute defines "enterprise" as including "any individual, sole proprietorship, partnership, corporation, business or charitable trust, association, or other legal entity, any union or group of individuals associated in fact although not a legal entity, and it includes illicit as well as licit enterprises and governmental as well as other entities." N.J.S.A. 2C:41-1(c).
*420 Count One of the indictment charges Richard Kuklinski with racketeering. Alleged by the State is that his various criminal activities constituted a "pattern of racketeering activity" as that term is defined in the statute. N.J.S.A. 2C:41-1(d). "On occasion" Mr. Kuklinski is said to have recruited others to aid him in planning, soliciting and committing the various substantive crimes. It is further alleged that Mr. Kuklinski directed and supervised the activities of those individuals. Although the indictment describes Mr. Kuklinski as the "enterprise" no further recitation is found distinguishing him as the liable "person."
A clear majority of the federal courts have held that there must be some separate and distinct existence for the liable person and the enterprise. Haroco, Inc. v. American National Bank & Trust Co., 747 F.2d 384, 400 (7th Cir.1984), aff'd on other grounds, 473 U.S. 479, 105 S.Ct. 3292, 87 L.Ed.2d 346 (1985) (per curiam). It is apparent by the plain language of N.J.S.A. 2C:41-2(c) that "enterprise" was meant to refer to a being different from the person whose behavior the act was designed to prohibit, and failing that, to punish. United States v. Computer Sciences Corp., 689 F.2d 1181, 1190 (4th Cir.1982). It would appear that "employed by" and "associated with" contemplates a person distinct from enterprise. See also Bennett v. Berg, 685 F.2d 1053, 1061 (8th Cir.1982); Rae v. Union Bank, 725 F.2d 478, 481 (9th Cir.1984); Bennett v. United States Trust Co. of New York, 770 F.2d 308, 315 (2d Cir.1985).
Two cases are cited by the state in support of their position a distinction exists between the person and the enterprise. The prosecution argues that McCullough v. Suter, 757 F.2d 142 (7th Cir.1985), and United States v. Benny, 786 F.2d 1410 (9th Cir.1986), are factually indistinguishable from the instant case. The court disagrees. Noted, however, is the distinction the Seventh and Ninth Circuits had drawn between the circumstances presented to them and a situation similar to that which now appears before this court.
*421 In McCullough v. Suter, supra, the Seventh Circuit faced a set of facts that involved a RICO count brought against a defendant whose sole proprietorship was the "enterprise" with which the defendant was "associated." The court reasoned that:
A sole proprietorship is a recognized legal entity, and, provided it has any employees, is in any event "a group of individuals associated in fact ..." There would be a problem if a sole proprietorship were strictly a one-man show. [757 F.2d at 143-144]
Of key importance is the fact that the sole proprietorship had other individuals in its employ.
A year later the Ninth Circuit decided United States v. Benny, supra, based on reasoning that fell along similar lines as McCullough. In Benny, the indictment charged George I. Benny with being associated with the enterprise "George I. Benny." It was alleged in the indictment that George I. Benny and three other named individuals "... were employed by, or associated with, George I. Benny, the enterprise." The indictment had separated defendant Benny, an individual, from the enterprise, an association of four individuals allegedly operating under the name of one of them. Thus, Benny's sole proprietorship was in actuality a troupe, not a one-man show.
Nothing in the present indictment distinguishes Richard L. Kuklinski the "person" and Richard L. Kuklinski the "enterprise." The indictment alleges that "Richard L. Kuklinski, while engaged in activities which affect trade or commerce, directly or indirectly, did conduct himself as an enterprise...." Although stating that Mr. Kuklinski is an enterprise, the indictment goes no further in separating Kuklinski, an individual, and Kuklinski, an enterprise, an association of individuals.
After giving the state every possible inference, at best, it could only be said that Mr. Kuklinski operated with other individuals "on occasion." The language of the indictment is very clear to that effect. Mr. Kuklinski, for the greater part of the time, conducted his alleged criminal affairs by himself. If an individual had no employees or associates it would strain the *422 imagination to say that an individual associated with an enterprise comprised solely of himself. United States v. Benny, 786 F.2d at 1415-1416. To "associate or employ" with oneself is clearly a contradiction in terms.
Since Kuklinski had no real employees or associates with which to establish an "enterprise", Count One is deficient and must be dismissed. Kuklinski's enterprise, in essence, was not a troupe, but a one-man show.