584 A.2d 286

# IN THE MATTER OF THE LIQUIDATION OF INTEGRITY INSURANCE COMPANY, A NEW JERSEY CORPORATION.

INTEGRITY v. TEITELBAUM ET AL.   DOCKET NO. L–20657–86.

INTEGRITY v. PIRRELLO ET AL.   DOCKET NO. L–020658–86.

INTEGRITY v. STAPLETON ET AL.   DOCKET NO. L–020588–86.

INTEGRITY v. PASQUALE ET AL.   DOCKET NO. L–020662–86.

INTEGRITY v. SCHILLER ET AL.   DOCKET NO. L–020652–86.

INTEGRITY v. CASEY ET AL.   DOCKET NO. L–30027–86.

INTEGRITY v. K.T. BUILDING ET AL.
DOCKET NO. L–38097–86.

INTEGRITY v. PASQUALE ET AL.   DOCKET NO. L–020663–86.

INTEGRITY v. McPHILLIPS ET AL.   DOCKET NO. L–38102–86.

INTEGRITY v. SILVER ET AL.   DOCKET NO. L–38098–86.

INTEGRITY v. CORWIN ET AL.   DOCKET NO. L–30605–86.

INTEGRITY v. DOHERTY ET AL.   DOCKET NO. L–020653–86.

Superior Court of New Jersey
Law Division Bergen County

Decided January 16, 1990.

*David A. Mazie* and *David W. Lentz (Nagel & Rice)* for Integrity Insurance Company in Liquidation.

*George Gerard Campion (Tompkins, McGuire & Wachenfeld)* for defendant, Jack Portney.

*Michael J. Zaretsky (Goldman, Carlet, Garrison & Klein)* for defendant, Raymond T. Bogert.

## OPINION

MEEHAN, J.S.C.

This is a motion to file a Third Amended Complaint brought by plaintiff, Kenneth Merin, Liquidator of Integrity Insurance Company [hereinafter "Integrity"]. It is conceded that this action has been filed after two years of the accrual of plaintiff's cause of action but before the expiration of four years. The sole issue in this motion is whether the applicable statute of limitations bars a civil enforcement action brought under New Jersey's Racketeer Influenced and Corrupt Organization Act (RICO), *N.J.S.A.* 2C:41–1, *et seq.*

The RICO Act in New Jersey does not provide an express statute of limitations for actions brought under its civil

enforcement provisions.[1]  There are apparently no reported decisions from New Jersey State Courts determining the applicable statute of limitations.  However, in the absence of state law or decisions, federal case law may be used to interpret New Jersey's RICO statute.  *State v. Kuklinski*, 234 *N.J.Super.* 418, 419, 560 *A.2d* 1295 (Law Div.1989).  The use of federal case law would be especially appropriate in this matter in that the New Jersey RICO statute "borrows" its structure, purpose and remedies from federal RICO, 18 *U.S.C.* § 1964 (1982 Ed. and Supp. III).

■  Until as recently as 1987, federal civil RICO statutes did not provide an express statute of limitations.  Federal courts applied the state statute of limitations most analogous to each individual case unless inconsistent with federal interest.  See *Wilson v. Garcia*, 471 *U.S.* 261, 105 *S.Ct.* 1938, 85 *L.Ed.2d* 254 (1985); *DelCostello v. Teamsters*, 462 *U.S.* 151, 174, 103 *S.Ct.* 2281, 2296, 76 *L.Ed.2d* 476 (1983); *Kronfeld v. First Jersey National Bank*, 638 *F.Supp.* 1454 (D.N.J.1986).

In *Agency Holding Corp. v. Malley–Duff & Associates, Inc.*, 483 *U.S.* 143, 107 *S.Ct.* 2759, 97 *L.Ed.2d* 121 (1987), the U.S. Supreme Court recently established that the four year statute of limitations applicable to the Federal Clayton Act, 38 Stat. 731, as amended, 15 *U.S.C.* s15, must be applied in Federal RICO civil enforcement actions.  *Agency Holding Corp.* [hereinafter "Agency"] at 107 *S.Ct.* 2764, 2767.  The court found that the Clayton Act "offers a far closer analogy to RICO than any state law analysis."  *Agency* at 2764.  Both RICO and the Clayton Act are designed to:

> remedy economic injury by providing for the recovery of treble damages, costs and attorney's fees.  Both statutes bring to bear the pressure of "private attorneys general" on a serious national problem for which public prosecutorial resources are deemed inadequate; the mechanism chosen to reach the objective in both the Clayton Act and RICO is the carrot of treble damages ... *Agency* at 2764.

---

[1]Attention is directed to *N.J.S.A.* 2C:1–6(g) which may impose a five year statute of limitation.  This court is not deciding the applicability of that statute to the case at bar.

The Supreme Court, in *Agency,* found that the practicalities of RICO litigation present compelling reasons for federal pre-emption of otherwise available state statutes of limitation. *Agency* at 2766. The multistate nature of RICO indicates the desirability of a uniform federal statute of limitations. The use of differing state statutes would "present the danger of forum shopping and, at the very least, would 'virtually guarantee . . . a complex and expensive litigation over what should be a straight forward matter.'" *Agency* at 2766 (citing ABA Report 392). The application of unduly short state statutes of limitation would thwart the legislative purpose of creating an effective remedy. *Agency* at 2766 (citing *DelCostello* at 103 *S.Ct.* 2291).

New Jersey's "borrowing" of Federal RICO structure, purpose and remedies justifies the appropriateness of "borrowing" the new federal statute of limitations as well. Since Federal RICO is followed so closely in *N.J.S.A.* 2C:41–1 *et seq.* and since New Jersey's Antitrust Act, *N.J.S.A.* 56:9–14, also has a four-year statute of limitation and is followed by the New Jersey RICO statute, this court feels compelled to follow federal law in the case at bar and apply the four year federal statute of limitations for actions brought under New Jersey civil RICO claims. This decision will provide New Jersey with a uniform statute of limitations period clarifying an area of uncertainty and reducing needless litigation.

Defendants rely upon *Kronfeld v. First Jersey National Bank,* 638 *F.Supp.* 1454 (D.N.J.1986) and *Addis v. Logan Corp.,* 23 *N.J.* 142, 128 *A.*2d 462 (1957), for the proposition that the two-year statute of limitation contained in *N.J.S.A.* 2A:14–10 should apply to New Jersey State RICO claims since RICO is a penal forfeiture statute. However, the Third Circuit Court of Appeals rejected this very argument in *Agency. Agency Holding Corp.,* 792 *F.*2d 341, 351 (3d Cir.1986) *rev'd on other grounds, Agency,* 483 *U.S.* 143, 107 *S.Ct.* 2759, 97 *L.Ed.*2d 121 (1987). The Third Circuit Court found that "civil RICO is clearly not a forfeiture statute" and that the two-year Pennsyl-

vania forfeiture statute did not apply.  *Agency* at 792 *F.*2d 351. Further, the Supreme Court in *Agency* found that there is no comparable State law to make an analogy to RICO.  *Agency* at 107 *S.Ct.* 2765.  The predicate acts that can establish racketeering activity under RICO are too far ranging and cannot be reduced to a single generic characterization.  Rather than attempting to analogize RICO claims to various state statutes, this court holds that the applicable statute of limitations for New Jersey RICO claim is the four year statute as enunciated in the *Agency* case.

For the aforementioned reasons, plaintiff's motion to file a Third Amended Complaint within four years of the accrual of a civil RICO claim is granted.